UNITED STATES (SCHAUMBURG v.). See Case No. 12,442.

---

## Case No. 16,228.

UNITED STATES v. SCHILLINGER.

[14 Blatchf. 71.] [1]

Circuit Court, S. D. New York. Dec. 21, 1876.

INCOME TAX—CONSTRUCTION OF STATUTE.

Under section 6 of the act of July 14, 1870 (16 Stat. 257), which imposes a tax on gains, profits and income for the year 1871, and no longer, the amount of a promissory note taken in 1871, on the sale, in that year, of a patent right, but not due until some time in 1872, and paid in that year, is not taxable as income for 1871.

[Error to the district court of the United States for the Southern district of New York.

[This was an action by the United States against John J. Schillinger to recover the income tax on certain promissory notes.]

Roger M. Sherman, Asst. U. S. Dist. Atty.
David L. Williams, for defendant in error.

JOHNSON, Circuit Judge. The question on this writ of error is, whether the defendant was liable to an income tax for the year ending December 31, 1871, upon the amount of certain promissory notes. These notes were received by him during the year 1871, upon a sale of certain patent rights, in part payment of the price thereof. They did not become due until some time in the year 1872, and then they were paid. In my opinion there is no ground for this action. The tax was imposed for the years 1870 and 1871, and no longer, upon the gains, profits and income of every person residing in the United States. Act July 14, 1870, § 6 (16 Stat. 257). In the absence of any special provision of law to the contrary, income must be taken to mean money, and not the expectation of receiving it, or the right to receive it, at a future time. In this case, the defendant changed his patent rights for promissory notes payable in the future. Their value was uncertain; they might or might not be paid; but, until they were paid, they were not income, but only the ground of expecting income. The notes were no more taxable as income than would have been other patent rights, if the defendant had received them in payment of those he sold. There are in the next section of the statute (section 7) provisions which confirm this construction. It makes interest received or accrued upon all notes, bonds and mortgages, or other forms of indebtedness bearing interest, whether paid or not, if good and collectible, subject to the income tax. The purpose of this is evidently to prevent a man escaping the income tax, by abstaining from taking that which is due him. On the same principle, had these notes been due, and had the defendant allowed them to remain unpaid, there might have been room to contend that their amount should be regarded as income; but, not being due, when the income had become fixed for the year, they were no part of the defendant's income. The judgment was in accordance with the law and must be affirmed.