**W. S. BARSTOW & CO., Inc., v. BOWERS, Internal Revenue Collector.**

(District Court, S. D. New York. September 14, 1926.)

**1. Internal revenue ☜═25.**

Under Revenue Act of 1918, §§ 200, 212b (Comp. St. §§ 6336⅛a, 6336⅛f), corporation, having changed from calendar year to fiscal year basis beginning June 1, 1917, must compute net income in accordance with method regularly employed in keeping its books.

**2. Internal revenue ☜═25.**

Corporation, in computing income for fiscal year ending in 1918 under Revenue Act of 1918, § 205 (Comp. St. § 6336⅛d), and article 1622, Regulation 45, could not, in computing tax attributable to calendar year 1917, use cash basis, and in balance of year accrual basis.

**3. Internal revenue ☜═25.**

Revenue Act of 1916, § 13d (Comp. St. § 6336m), permitting taxpayer to make return on basis on which accounts were kept, requires consistency, and one changing from cash to accrual basis must adhere thereto.

At Law. Action by W. S. Barstow & Co., Inc., against Frank K. Bowers, Collector of Internal Revenue for the Second District of New York. Verdict directed for defendant.

Rabenold & Scribner, of New York City (Charles E. Scribner, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Thomas J. Crawford and Edward Feldman, Asst. U. S. Attys., both of New York City, and Edward H. Horton, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is an action to recover federal income taxes alleged to have been unlawfully exacted and paid under duress. It was tried before a jury of one, and at the close of the evidence the defendant moved for the direction of a verdict in his favor, and plaintiff moved for the direction of a verdict of $25,808.24, with interest from March 27, 1923, the amount demanded in the complaint. Upon the question

of law thus presented, decision was reserved, and elaborate briefs have been since submitted.

The plaintiff always kept its books on an accrual basis and until 1918 its federal income tax year was the calendar year. It made all its tax returns on a cash basis up to January 1, 1917. About that time it obtained permission from the Commissioner of Internal Revenue to change from the calendar year basis to the basis of a fiscal year beginning June 1, 1917, and ending May 31, 1918. The taxpayer rendered a return for the period between January 1, 1917, and May 31, 1917, on the accrual basis. During the fiscal year from June 1, 1917, to May 31, 1918, collections were very slow because business was bad, and in making the return for the fiscal year it was made on a cash basis. The income so returned was $11,063.45, and the tax, amounting to $617.76 upon such basis, was thereupon paid. Later in the year 1918 the Revenue Act of 1918 was passed which, in section 205(a) being Comp. St. § 6336⅛d, reads as follows:

"That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the sum of: (1) The same proportion of a tax for the entire period computed under title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period. * * *

"Any amount heretofore or hereafter paid on account of the tax imposed for such fiscal year by title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and by title I of the Revenue Act of 1917, shall be credited towards the payment of the tax imposed for such fiscal year by this act. * * * "

The plaintiff, after the passage of the act of 1918, and claiming to proceed in accordance with its provisions, filed an amended return computing the tax for the seven months of 1917 on a statement made for those months upon a cash basis and for the five months of 1918 on a statement made for those months on an accrual basis.

The income for the fiscal year already calculated on a cash basis was $11,063.45, and the tax under the 1917 rates was $617.76.

The income for the fiscal year on an accrual basis was calculated at $91,337.72, and the tax thereon, under the 1918 rates, was $48,769.15. Plaintiff added seven-twelfths of the above sum of $617.76 to five-twelfths of the sum of $48,769.15 and found a total tax due as thus calculated for the fiscal year ended May 31, 1918, in the sum of $20,680.84, and paid such sum to the collector. The Commissioner recalculated the income and found it on an accrual basis to be $95,606.88 instead of $91,337.72. The Commissioner objected to plaintiff's method of computing the tax for the first seven months upon income calculated on a cash basis and made an additional assessment for that period on an accrual basis whereby the tax was ultimately fixed by him at the further sum of $24,438.25, involved in this action.

The plaintiff's contentions are:

(1) That, under subdivision 1 of the law heretofore quoted, the income should be computed, as well as the rates of tax applied, entirely under the 1916 and 1917 acts (39 Stat. 756, 1000), and as if the plaintiff's fiscal year had coincided with the calendar year 1917.

(2) That, under the 1916 and 1917 acts, the plaintiff had a right to make its return and have its income computed on the basis of actual receipts and disbursements, and the Commissioner had no right to change the return to an accrual basis.

In other words, because, under the act of 1917, the plaintiff had a right to file its tax return on a cash basis, it argues that it may still do so under the provisions of section 205 (a) of the Revenue Act of 1918 for the first part of its fiscal year.

The government, on the other hand, claims that:

(1) The Revenue Act of 1918 requires the taxpayer's income to be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer and regardless of whether the taxpayer's accounting period is a fiscal year or a calendar year.

(2) Having once elected to file its return on the accrual basis, it cannot return to the cash basis for the purpose of the first part of its fiscal year ending May 31, 1918.

(3) The Commissioner, under the Revenue Act of 1916, as amended by the act of 1917, could require the taxpayer to make its return on the accrual basis.

(4) The accrual basis reflects plaintiff's true net income.

Now section 212(b) of the Act of 1918 (Comp. St. § 6336⅛f) provides how net income shall be computed, and reads as follows:

"(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year."

Section 200 (Comp. St. § 6336⅛a), above referred to reads as follows:

"Sec. 200. That when used in this title—

"The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918 or any fiscal year ending during the calendar year 1918."

[1, 2] I can hardly see any question about the meaning of these sections. They inevitably lead to the conclusion that the Revenue Act of 1918 requires a taxpayer filing a return for a fiscal year ending in 1918, as here, to compute its net income for the entire period in accordance with the method regularly employed in keeping its books, which was here the accrual method. Section 212(b) requires it to be computed upon the basis of the taxpayer's annual accounting period in accordance with the method regularly employed in keeping the books when it is a fiscal year as defined in section 200, and that section provides that the first taxable year, to be called the taxable year 1918, shall be the calendar year 1918, or any fiscal year ending during the calendar year 1918.

Article 1622, Regulation 45, provides in part as follows:

"The method provided for computing the tax for a fiscal year beginning in 1918 and ending in 1918, is as follows: (a) The tax attributable to the calendar year 1917 is found by computing the income of the taxpayer and the tax thereon in accordance with title I of the Revenue Act of 1916 as amended and title I of the Revenue Act of 1917, and determining the proportion of such tax which the proportion of the fiscal year falling within the calendar year 1917 is of the full fiscal year."

This is relied on by the plaintiff and particularly the words, "by computing the income of the taxpayer," as showing that the old method in vogue prior to the act of 1918 of computing the income upon a cash basis was incorporated in the regulation. I think the position of the government as to this regulation is correct, and that it has nothing to do with the basis to be used in computing the income, but was only aimed at a recognition of the deductions and exemptions peculiar to the year 1917 which should be applied in arriving at the net income for the whole period. The tax would then be calculated on this net income at the 1917 rates and the proportion of such tax that the part of the fiscal year falling within the year 1917 bore to the whole period would represent the tax for the months of 1917.

It is obvious that any other construction of the regulations and the act would exempt from taxation all accruals which were not paid during the part of the fiscal year within the calendar year of 1917. It would in this case avoid a tax on seven-twelfths of the difference between the income of $11,063.45 and $95,606.88 or $84,543.43. There is little doubt, moreover, that article 23 of Regulation 45, as amended by T. D. 2873, would always enable the Commissioner by requiring amended returns for previous years to secure payment of a tax on any income omitted by reason of a change of method employed in keeping his accounts of income; but I see no reason upon the facts before me for requiring this if the government is satisfied with the present data. Indeed, this regulation, which simply enabled a true statement of income to be made, indicates that the Commissioner could require payment of the additional tax based on a complete return.

[3] Moreover, I think it reasonable to suppose that the provisions of section 13(d) of the Act of 1916 (Comp. St. § 6336m), which permitted a taxpayer who kept accounts upon any basis other than that of receipts and disbursements to make its return upon the basis upon which its accounts were kept, required consistency. Plaintiff had changed from a cash basis in use prior to 1917 to an accrual basis for the first five months of that year. This change, when made, should be adhered to in order to prevent loss of taxable income and to reflect the true amount. That the accrual system more nearly than any other in fact reflected the true income in this

case scarcely admits of discussion. Perhaps in 1917 the plaintiff's accounts appeared to be doubtful, but they were not so carried on its books, and were all afterwards collected.

Plaintiff's contention that the acts prior to 1918 in a general way required computation of gross income and deductions therefrom upon a cash basis is unimportant, if true. It is answered, not only by the voluntary change of plaintiff to an accrual basis, which, when made, should have been adhered to, but more especially by the terms of the act of 1918, which placed the plaintiff's returns upon an accrual basis because its books were so kept and in such circumstances under sections 200 and 212(b) that basis governed as to "any fiscal year ending during the calendar year 1918."

Accordingly a verdict should be directed for the defendant.