Moss, Judge,
delivered the opinion of the court:
In its income-tax returns for the years 1911, 1918, and 1919 the plaintiff, the Seinsheimer Paper Company, deducted $15,000 for each of said years as total salaries paid to its three officers, $25,000 a year to each of them. The officers of plaintiff company consisted of the father and his two sons, Avho were the sole owners of the outstanding capital stock of the company and whose total salaries for the year 1916 and years prior thereto was $16,000.
The Commissioner of Internal Revenue in computing the net income of plaintiff disallowed as a deduction the sum of $75,000 per year as total salary, and allowed a total salary of $50,000 for each of the three years. As a result of the disallowance the commissioner assessed additional income and profits taxes for the three years involved, amounting in the aggregate to $39,193.15, and this, action is for the recovery of that sum.
Section 12 (a), act of 1916, 39 Stat. 756, provides as follows:
“ In the case of a corporation * * * such net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources, first, all the ordinary and. necessary expenses paid within the year in the maintenance and operation of its business and properties * *
Under this statute, which is applicable to the 1917 taxes, salaries of officers were allowed as deductible items under proper Treasury regulations.
The revenue act of 1918 applicable to the taxes for 1918 and 1919 provides that in computing net income “ all the ordinary and necessary expenses * * *, including a reasonable allowance for salaries, are deductible.”
The ground upon which the commissioner disallowed the deduction of $75,000 per year for salaries was that same was *435 an unreasonable amount; and be allowed a deduction of $50,000 as being a reasonable sum for such salaries.
The sole question, therefore, is whether or not the $50,000 allowed as a deduction by the commissioner constituted a reasonable salary.
The Commissioner of Internal Revenue under the law is charged with the duty of assessing the tax on net income, and in order to arrive at net income it is likewise his duty to consider and determine the question of proper allowable deductions.
It clearly appears from the record that, in reaching his conclusion as to the reasonableness of the allowance made by him, the commissioner gave full consideration to all facts bearing upon the question; and in addition to the facts appearing in the record he considered also certain information contained in the files of his office concerning salaries allowed as deductions to officers of companies doing a similar business, comparable in amount of invested capital and in volume of business.
The court is of the opinion that the evidence upon which the commissioner determined that a total salary of $50,000 was reasonable was sufficient to justify such conclusion.
It is therefore the judgment of the court that plaintiff’s petition should be and the same is hereby dismissed.
Gteaham, Judge; Hat, Judge; Booth, Judge; and Campbell, QMef Justice, concur.

On motion for new tided

Moss, Judge,
delivered the opinion of the court:
The Commissioner of Internal Revenue in computing the net income of plaintiff disallowed as a deduction the amount claimed by plaintiff, $75,000 per year as total salary, and allowed the sum of $50,000 for each of the years involved, 1917, 1918, and 1919.
Section 12 (a), act of 1916, 39 Stat. 756, applicable to the tax for the year 1917, provides that in computing net income “ all the ordinary and necessary expenses * * * ” are deductible.
*436 Section 234 (a), of the act of 1918, 40 Stat. 1057, 1077. applicable to the tax for the years 1918 and 1919, provides that in computing net income “ all the ordinary and necessary expenses * * * including a reasonable allowance for salaries * * * ” are deductible.
The entire stock of plaintiff company was owned by A. H. Seinsheimer, the father, and by his sons, Louis A. and Walter Seinsheimer, and these three constituted the officers and active managers of the business of the company.
From the year 1900 to 1916, inclusive, A. H. Seinsheimer, the president of the company, received a salary of $6,000 per year, except for two years, 1910 and 1913, when he was paid $7,000 and $8,000, respectively. For the same period the two sons each received an average of $5,000 per year as salaries. Approximately, therefore, from 1900 to 1916, inclusive, the aggregate annual salaries paid amounted to $16,000, in the proportions above set forth. In and for the year 1917 these officers increased their salaries to $25,000 each per year. It was an increase of more than 386 per cent.
Salaries of officers to be deductible under the 1916 act must come within the classification of “ ordinary and necessary ” expenses incident to the maintenance and operation of the business, and like all other items of expense such salaries must be “ ordinary and necessary ” salaries. The term “ ordinary ” as used in the statute means customary or usual. No extrinsic evidence is needed in this case to establish what might properly be regarded as the ordinary, customary, or usual salary pertaining to the business of plaintiff company. The officers themselves by their own course, extending over a period of sixteen years, leave no room for question on that point. The record, however, discloses an abundance of evidence on the question.
Plaintiff’s motion is based on a recent decision of this court in the case of Botany Worsted Mills v. United States, ante, p. 405.
In that case it appeared that on January 11, 1890, the plaintiff company incorporated in its by-laws a certain provision for the compensation of its directors by which they were to receive, in addition to a nominal salary, a designated *437 percentage of the net income. The percentage was changed from time to time, but from the year 1908 until after the close of the taxable year 1917 the directors had received annual payments under the express provision of the by-laws a sum equal to 32 per centum of the net income. Each director held a position as an executive officer or manager of a certain department of the business. This method of compensation was consistently followed for nearly thirty years, during which time the gross assets of plaintiff company had increased from $1,114,149.63 in 1890 to $28,893,777.12 in 1917; and its net assets, including reserves, had increased from $37,136.35 in 1890 to $10,999,862.48 in 1917. It was also shown that such method of compensating directors and officers had been the practice in many corporations engaged in the woolen manufacturing business. The court was of the opinion that the payment of such compensation for the year 1917 constituted one of the “ordinary and necessary expenses ” of the operation of the business, and that the Commissioner of Internal Revenue was without authority under the act of 1917 to determine the question of the reasonableness of a claim for deduction for salary. However, in the Botawy case the Government interposed as one of its defenses an alleged settlement in the Internal Revenue Bureau of all tax matters between the taxpayer and the Government, which the court sustained, and the petition was dismissed on that ground.
In this case the tax for three years was involved. For two of the years, 1918 and 1919, the commissioner was expressly authorized to deduct a reasonable allowance for salaries. For one of the years, 1917, his authority was limited to the inquiry as to.whether or not the salary came properly within the term “ ordinary and necessary ” expenses. The fact that the Commissioner of Internal Revenue in disallowing a portion of plaintiff’s claim employed the use of the term “ reasonable ” as applying to the whole case; or that the court used the word “ reasonable ” in stating the question to be “whether or not the $50,000 allowed as a deduction by the commissioner constituted a *438 reasonable salary ” is beside the question. The facts, rather than the technical use of terms, must control. The salary claimed by plaintiff is neither an ordinary and necessary expenditure under the meaning of the act of 1916, nor is it a reasonable salary as contemplated by the terms of the act of 1918.
Plaintiff’s contention concerning the years 1918 and 1919 is not seriously urged.
It is the opinion of the court that plaintiff’s motion for new trial should be overruled, and it is so ordered.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell. Chief Justice, concur.