**W. S. BOGLE & CO., Inc., et al. v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Seventh Circuit.
June 12, 1928.

No. 3984.

1. **Internal revenue ⬳25—Board of Tax Appeals, in determining income and profit taxes, need not accept opinion evidence relative to value of leases as invested capital.**

Board of Tax Appeals, in determining income and profit taxes, is not required to accept opinion evidence relative to value of leases owned by taxpayer and claimed as invested capital.

2. **Internal revenue ⬳25—Evidence held to support finding denying allowance for leases as invested capital, in determining income and profit taxes.**

Evidence *held* sufficient to support finding of United States Board of Tax Appeals, denying any allowance for leases as invested capital, in determining income and profit taxes.

3. **Internal revenue ⬳7(18), 9(27)—Deduction, in determining income and profit taxes, for president's salary, to compensate for inadequate salary for previous years, held properly disallowed (Comp. St. § 6336*l*).**

Under Act Sept. 8, 1916, § 12 (Comp. St. § 6336*l*), authorizing deduction for all of ordinary and necessary expenses paid within year in the maintenance and operation of business, for purpose of determining income and profit taxes, Board of Tax Appeals *held* to have properly refused to allow deduction for salary payment made to corporate president, to compensate for inadequate salary for previous years.

4. **Internal revenue ⬳7(19), 9(27)—Total invested capital of corporations required to make consolidated return held properly ascertained by setting off losses of one against undivided profits of others (Revenue Act 1918, § 240 [a]; Comp. St. § 6336⅛ss [a]).**

In determining income and profit taxes of affiliated corporations, required under Revenue Act 1918, § 240 (a), Comp. St. § 6336⅛ss (a), to make a consolidated return of net income and invested capital, the total or consolidated invested capital was properly ascertained by setting off losses of one corporation against undivided profits of other companies.

5. **Internal revenue ⬳7(22), 9(27)—Invested capital of corporation engaged in coal mining held properly ascertained by applying depletion charge as used by taxpayer during taxable year.**

United States Board of Tax Appeals, in determining capital invested during taxable year for corporations engaged in coal mining, properly applied depletion charge for ton of coal mined in accordance with amount written off for such year by taxpayer, without regard to rate used in preceding years.

6. **Internal revenue ⬳7(22), 9(27)—Invested capital held properly reduced in sum equal to income and profits tax for preceding year, constituting accrued liability (Revenue Act 1926, § 1207 [26 USCA § 1275]).**

Under Revenue Act 1926, § 1207 (26 USCA § 1275), Board of Tax Appeals, in determining income and profit taxes, properly reduced invested capital in a sum equal to income and profits tax for preceding year, constituting an accrued liability.

Original application by W. S. Bogle & Co., Inc., and others, for review of the determination of income and profit taxes by the United States Board of Tax Appeal, opposed by the Commissioner of Internal Revenue. Petition denied.

E. B. Wilkinson, of Chicago, Ill., for petitioners.

John V. Groner, of Norfolk, Va., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Petitioners are here because dissatisfied with the Board of Tax Appeals' determination of their 1917 and 1918 income and profit taxes. Their assignments of error deal with items that entered into the computation of these taxes.

Generally speaking, they may be considered under the headings of "Deductions" and "Capital Account."

Petitioners were engaged in the coal business. They mined and sold coal. W. S. Bogle was their guiding spirit. He owned such a large part of the capital stock of the interested corporations that they were required, under section 240 (a) of the Revenue Act of 1918 (Comp. St. § 6336⅛ss [a]) "to make a consolidated return of net income and invested capital."

The items in dispute are numerous. One involves the value of the leases of coal land.

Petitioners included $100,000 in their invested capital for these leases. Although the testimony differed as to each lease, the issue as to each one is the same. Opinion evidence was offered by petitioners to the effect that certain leases, when acquired by the taxpayers, were each worth a substantial sum—in excess of $50,000. No rebuttal opinion evidence was offered, wherefore petitioners assign error because the Board refused to allow any sum for these leases.

There was evidence from which the Board could, and did, find that nothing of value was paid for either lease when executed. Only a few days elapsed between the date of the execution of the lease and the date of its acquirement by the taxpayers. Then, too, there was evidence which justified a finding that the per ton and minimum royalties provision of the lease called for the payment of the usual royalties exacted in this locality at this date. In short, coal mine leases such as

Bogle acquired were obtainable in this district at this time upon the lessee agreeing to pay 5 cents per ton royalty and a designated minimum royalty.

[1] Upon all of the evidence we can hardly escape the conclusion that the opinion evidence of the value of these leases was colored by the subsequent prosperity of the coal mining industry due to the World War. Certainly upon the facts disclosed, the court was not required to accept this opinion evidence. Idaho Power Co. v. Thompson (D. C.) 19 F. (2d) 547; The Conqueror, 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937.

[2] We conclude there was ample support for the Board's finding respecting this item of value. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6; Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536.

Petitioners claim a deduction in their 1917 return of $7,000 for president's salary. One of their witnesses testified:

"The entries in the books of the Pine Ridge Mines Company, Esanbee Mines Company and W. S. Bogle & Company were all made under my supervision and all of those books were in my charge. The salary payment made to Mr. Bogle in 1917 was $17,000. Seven thousand dollars was to compensate for the inadequate salary for the years 1915 and 16, and ten thousand dollars for the salary in the year 1917."

[3] Petitioners argue for this deduction because of the statutory provision which allows "All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business" (section 12, Act of 1916 [Comp. St. § 6336l]). This statute was intended to allow ordinary and necessary expenses paid *and incurred* within the year for officer's salaries. Where a salary has been fixed and fully paid for one year, it cannot be increased in some later year (when profits are larger) and the increase deducted from the net profits of the prosperous year.

[4] Another assignment of error deals with the item of surplus and undivided profits as a part of petitioner's invested capital. The Board set off losses of one of the petitioners against the undivided profits of the other companies, in determining the amount of invested capital. In so doing, the Board followed one of the Treasury regulations.

Section 240 (a) of the applicable Revenue Act provides "that corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the pur-

poses of this title and title III, and the taxes thereunder shall be computed and determined upon the basis of such return. * * * In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each."

No question is here raised as to the applicability of section 240 (a) to petitioners' return. But it is contended that the full amount of the surplus shown by the various petitioners should not be reduced by the deficit of any one of them. This contention we cannot accept. It was evidently the plan and purpose of this legislation to wipe out the artificial legal barriers of separate corporate entities (where substantially all of the stock of two or more corporations is owned by the same party) and treat the affiliated corporations as a single unit. To accomplish this purpose it was necessary to look to the invested capital of each petitioner. One might show an increased surplus and undivided profits account, while another would show a deficit. To ascertain the total or consolidated invested capital necessitated the deduction of the deficit of the one from the surplus of the other, and only the difference could be added.

Petitioners assign error because respondent for 1917 and 1918 reduced the amount of capital invested by a sum which represented the difference between its depletion charge and petitioners' depletion charges. The facts are undisputed. Prior to 1917, the amount written off for depletion of the mine was figured on the basis of 1.39 cents per ton of coal mined. In 1917, respondent increased the annual depletion deduction by computing the same on the basis of 1.765 cents per ton. No question is raised as to the correctness of this depletion rate.

[5] In determining capital invested for 1917 and 1918 respondent applied the 1.765 cents per ton basis on all coal mined prior to 1917. This was correct. For if it be agreed that 1.765 cents was the proper depletion charge per ton of coal mined, it follows that the actual invested capital was ascertainable only by applying this rate to all of the coal mined regardless of the rate used in the preceding years.

[6] Petitioners finally complain because the respondent reduced their invested capital for 1918 in a sum equal to petitioners' 1917 in-

come and profits tax. The 1917 tax was an accrued liability for that year and was properly deducted from petitioners 1918 invested capital. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. Section 1207, Revenue Act of 1926 (26 USCA § 1275).

Other assignments of error we have duly considered, but they do not require separate treatment in this opinion.

The petition is denied.