Booth, Chief Justice,
delivered the opinion of the court:
This is a tax case. The plaintiff, a New York corporation, challenges the disallowance by the Commissioner of Internal Revenue of a portion of the total sum voted to three officials *629 of the corporation for salaries in the years 1920 and 1921. Plaintiff is a close corporation; its entire capital stock, both preferred and common, is owned by the officials to whom the salaries involved were paid. In 1918 and 1919 the same officials were each receiving a salary of $15,000.00 per annum. In 1920 their salaries were increased to $30,000.00 a year, and in 1921 thdy each received $23,333.33. The return of the plaintiff’s income for 1920 and 1921 disclosed gross receipts as follows:
1920_$2,851,247.88
1921_ 1, 886,490.66
After allowable deductions, exclusive of the salaries here involved, the net taxable income -of the corporation totaled for 1920, $102,852.54, and $79,875.99 for 1921.
The plaintiff’s business was electrical engineering and contract work, involving the expenditure of large sums for supplies and equipment to perform its contracts, resulting, it seems from the above figures, in large volume without abnormal profits.
The commissioner’s final audit of 'its income-tax return denied to the plaintiff the right to claim a deduction for salaries paid of the amount claimed, reducing plaintiff’s claimed deduction of $90,000.00 in 1920 to $70,000.00 for that year, and the claimed allowance of $70,000.00 in 1921 to $50,000.00, resulting in the assessment of an additional income tax of $4,000 for the two years. Claim for refund was duly filed and denied, and this suit seeks a judgment for $4,000 and legal rate of interest thereon.
The statutes governing the controversy are section 234 (a) of the revenue acts of 1918 and 1921 (40 Stat. 1057, 1077; 42 Stat. 254), both worded alike as follows:
“ Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
“(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property *630 to which the corporation has not taken or is not taking title, or in which it has no equity.”
Article 105 of Treasury Regulations 45 and 62 reads as follows:
“Among the ordinary and necessary expenses paid or incurred in carrying on any trade or business may be included a reasonable allowance for salaries or other compensation for personal services actually rendered. The test of deductibility in the case of compensation payments is whether they are reasonable and are in fact payments purely for services. This test and its practical application may be further stated and illustrated as follows:
“(1) Any amount paid in the form of compensation, but not in. fact as the purchase price of services, is not deductible, (a) An ostensible salary paid by a corporation may be a distribution of dividend on stock. This is likely to occur in the case of a corporation having few stockholders, practically all of whom draw salaries. If in such a case the salaries are based upon or bear a close relationship to the stockholdings of the officers or employees, it would seem likely that the salaries, if in excess of those ordinarily paid for similar services, are not paid wholly for services rendered, but in part as a distribution of earnings upon the stock.”
The difficulty we experience in the case is the lack of sufficient proof to sustain the contention that the commissioner’s action was unreasonable. Obviously each case is distinct in the matter of salary allowance deductions, and what is or what is not a reasonable salary for personal service is not dependent upon what the corporation allows as such but what the facts establish as reasonable. There is no evidence in the record warranting a conclusion that the commissioner failed to consider the essential factors which enter into a just determination of the issue involved, or acted in any respect arbitrarily. Seinsheimer Paper Co. v. United States, 63 C. Cls. 429.
While as a matter of first impression it might seem justifiable to accede to plaintiff’s contention, predicated upon the volume of business transacted in the years in question, yet in its final analysis the error of so doing lies in the fact that total volume accomplished includes within the payments made large sums for supplies and equipment pur *631 chased to perform the contracts. Without minimizing the services of the officials to whom the salaries were paid, we think that in the absence of an. express contract for salaries, and judged from the- standpoint of profits made, the deductions allowed by the commissioner under the present record were reasonable, and the petition will be dismissed. It is so ordered.
SiNNOtt, Judge; GeeeN, Judge; Moss, Judge, and Graham, Judge, concur.