## MODEL DAIRY, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Eighth Circuit.
December 10, 1929.

No. 8482.

Benjamin H. Flesher, of Minneapolis, Minn., for appellant.

John M. McEvers, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge. This is a petition to review the decision of the United States Board of Tax Appeals. In 1919 the Model Dairy was incorporated for the purpose of handling dairy products, and in that year commenced business. Its business had formerly been carried on by two competing partnerships composed of five members, all

of whom became officers in the new company. Salaries for 1920 and 1921 were fixed and paid to these officers under a resolution which provided that additional salaries would be paid at some future time if the company prospered. In March, 1922, a resolution was passed fixing and allowing back pay or adjusted compensation to these officers in the sum of $11,940 for each of the years 1920 and 1921. The amount allowed for 1920 was to be and was paid in 1922, and the back salary for 1921 was paid in 1923. These increases ranged from 60 to 100 per cent. of the salaries which had been allowed and paid in 1920 and 1921. There was also an increase in the salaries for the years 1922 and 1923, but it was not intended that the $11,940 was to be a part of the salaries for these years. The resolution authorizing the payment of these amounts is clear that they were intended as additional compensation or a bonus for the years 1920 and 1921.

In determining the company's income tax, the Commissioner of Internal Revenue refused to allow deductions for these back salaries, either for the years in which they were paid or for the years of 1920 and 1921, and the Board of Tax Appeals has upheld that finding. The petitioner here contends that these deductions should be allowed in determining the income tax for 1922 and 1923.

Where a corporation authorizes the payment of money to its officers or employees as additional or adjusted compensation for services rendered during previous years, where there was no understanding or agreement to pay any fixed amount, or any amount at all, are amounts thus allowed deductible in determining the net income of a corporation?

The answer to this question must be found in the construction of section 234 of the Revenue Act of 1921 (42 Stat. 254) which provides that, in computing the net income of a corporation, there shall be deducted "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." This provision authorizes deduction for salaries and other compensation for personal services only when actually rendered during the taxable year. To say that the phrase "during the taxable year" modifies only that part of the section preceding it, and has no reference to salaries and compensation for personal services is to give it a meaning which is clearly contrary to the language actually used. The deductions allowable were to include the ordinary and necessary expenses paid or incurred together with salaries and other compensation for personal services actually rendered during the taxable year. Language more clearly expressing this meaning could scarcely be selected. The language used was intended to prevent deductions such as those claimed here. In W. S. Bogle & Co. v. Commissioner (C. C. A.) 26 F.(2d) 771, 772, the court took this view, saying:

"This statute was intended to allow ordinary and necessary expenses paid and incurred within the year for officer's salaries. Where a salary has been fixed and fully paid for one year, it cannot be increased in some later year (when profits are larger) and the increase deducted from the net profits of the prosperous year."

We are not unmindful that a different conclusion was reached in Ox Fibre Brush Company v. Blair, Commissioner (C. C. A.) 32 F.(2d) 42. We are of the opinion however, that a proper construction of the statute justifies the conclusions herein expressed.

The decision appealed from is sustained.