**WEED & BRO. v. UNITED STATES.**
No. F–406.

Court of Claims.
March 3, 1930.

Donald Horne, of Washington, D. C., for plaintiff.

Arthur J. Iles, of Indianapolis, Ind., and Herman J. Galloway, Asst. Atty. Gen. (George H. Foster, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, GREEN, and GRAHAM, Judges.

WILLIAMS, Judge.

Plaintiff in this suit seeks to recover the sum of $24,442.67, an alleged overpayment of its income and excess profits tax for the year 1919. Plaintiff is a corporation organized and existing under and by virtue of the laws of the state of New York, with its principal place of business at No. 60–62 Lispenard street, in the city of New York.

During the year 1919, and for several years prior thereto, plaintiff was engaged in the business of buying raw or unbleached cotton goods, which it caused to be dyed, bleached, and printed for the purposes of sale to the manufacturing trade.

Plaintiff prepared and filed with the collector of internal revenue of the Second district of New York, on or about March 15, 1920, its return for income and excess profits taxes for the year 1919. Its return was based upon the accrual basis of accounting which was the method regularly used by the plaintiff in keeping its books of account. Plaintiff had also used the accrual method of accounting in keeping its books for the years 1917 and 1918, and its returns for those years were made upon that basis.

The amount of taxes assessed against the plaintiff and collected for the year 1919 was $48,985.37. On September 22, 1923, the Commissioner of Internal Revenue determined that there was an overpayment in the sum of $218.93, and that amount was refunded to the plaintiff.

Later the Commissioner of Internal Revenue determined that plaintiff was entitled to a further refund of $4,359.60, and that amount was paid to plaintiff, leaving the amount assessed and paid for the year, $44,406.84.

Plaintiff filed claim for refund, December 31, 1925, for the sum of $48,985.37, income and profits taxes for the year 1919, or such greater amount as was legally refundable. The petition for refund being rejected by the Commissioner, suit is brought to recover the alleged overpayment.

Plaintiff bases his right to judgment for a refund on three grounds:

938

(1) That it is entitled to a reduction in its net income as computed by the Commissioner the sum of $41,861.61, estimated accrued profits on merchandise sold but not collected during the year, in excess of estimated accrued profits on sales made in 1918 and collected and received during the year 1919.

(2) That it is entitled to a reduction on its net income a further sum of $70,744.37, being an amount prorated by days during the year, that was credited on the books of the company to the personal accounts of stockholders, John A. Weed, president of the plaintiff corporation, and Frank W. Kidd, vice president, which sum plaintiff claims was wrongfully excluded by the Commissioner from its invested capital.

(3) That it is entitled to a further reduction in its net income of the sum of $13,-000, which the Commissioner rejected, as an additional proper allowance as salary to John A. Weed, president.

These points will be considered in the order in which they are presented in plaintiff's brief and argument.

Plaintiff contends that the assessment and collection of its income and profits taxes for the year 1919 on an accrual basis of accounting, which included as a part of its gross income sales of goods made but not collected during the year, is in violation of the Sixteenth Amendment to the Constitution; is not authorized by the Revenue Act of 1918, and is illegal; and that income within the meaning of the Constitution and statute is limited to gains and profits actually paid in and received by the taxpayer within the year for which the tax is assessed.

In support of its position on this point the plaintiff cites numerous decisions of the courts, but apparently relies chiefly on Maryland Casualty Co. v. United States, 52 Ct. Cl. 201, and the Mutual Benefit Life Ins. Co. v. Herold (D. C.) 198 F. 199.

The decisions in each of these cases are based on suits arising under the Corporation Excise Tax Law of 1909 and the Income Tax Law of 1913. The language of both these acts clearly and unmistakably required the computation of net income to be made on a basis of actual cash receipts and disbursements. What was said by the courts in deciding those cases can have no application here, where the tax in question is assessed and collected under a statute which by its express terms authorizes the computation of net income on a basis other than that of cash receipts and disbursements.

The question presented in the instant case is clearly distinguished from what was before the court in either of those cases. The decisions referred to are based on statutes entirely different from the provisions of the statute under which the taxes involved in this suit were imposed. In the cases cited the statute plainly required that the ascertainment of taxable income be based on cash receipts and cash disbursements, while in the case at bar the statute requires the computation to be made on the basis of the method used by the taxpayer in keeping his books, provided such system clearly reflects the income. In the instant case the method of bookkeeping used being on an accrual basis, the Commissioner was required to compute the taxable income on that basis. The fact that in both Maryland Casualty Co. v. United States, and Mutual Benefit Life Ins. Co. v. Herold, supra, the language used by the court in United States v. Shillinger, 14 Blatchf. 71, Fed. Cas. No. 16228, Fed. A. M. Tax Rep. 2126, is quoted with approval shows that what was there said is not applicable to the statute we are now considering:

"In the absence of any special provision of law to the contrary, income must be taken to mean money, and not the expectation of receiving it, or the right to receive it, at a future time."

The Revenue Act of 1916 permitted a taxpayer the option of making his return on a cash basis, without regard to the method used in keeping his books, or, if he kept his books upon some other basis, to make his return on the basis upon which his books were kept, providing such method of accounting clearly reflected his income. Under this act the accrual basis of accounting in the computation of a taxpayer's income was authorized for the first time.

Each of the Revenue Acts since 1916 has contained the provision that returns are to be made in accordance with the method of accounting regularly employed in keeping the accounts of a taxpayer, unless such method does not clearly reflect the income.

The validity of the accrual method of accounting in the computation of a taxpayer's income as authorized in the 1916 act was upheld in the United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 134, 70 L. Ed. 347:

"A consideration of the difficulties involved in the preparation of an income account on a strict basis of receipts and disbursements for a business of any complexity, which had been experienced in the appli-

cation of the Acts of 1909 and 1913 and which made it necessary to authorize by departmental regulation, a method of preparing returns not in terms provided for by those statutes, indicates with no uncertainty the purpose of sections 12(a) and 13(d) of the Act of 1916. It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis."

And:

"We conclude that the reserves for taxes which appeared on appellee's books in 1916 were deductible under section 13(d) of the Act of 1916 and Treasury Decision 2433 in its income tax return on the accrual basis for that year." (The taxes were not actually paid until 1917.)

In this case the taxpayer sought to have deducted in his 1917 tax return munitions taxes accrued on its books for the year 1916, but not actually paid until 1917.

The court held the deduction must be taken on the 1916 return, notwithstanding the actual payment was not made within the year.

So far as we have been able to find, the courts, when the question has been raised, either under the 1916 act or subsequent revenue acts, have uniformly sustained assessments on income computed on the accrual basis of accounting. W. S. Barstow & Co., Inc., v. Bowers (D. C.) 15 F.(2d) 75; Becker v. United States (C. C. A.) 21 F.(2d) 1003; Robert P. Hyams Coal Co. v. United States (D. C.) 26 F.(2d) 805.

We have examined the cases cited by counsel for plaintiff. In none of them is the rule announced that the Commissioner of Internal Revenue is without authority to compute the net income of a taxpayer on the accrual basis, and to assess the taxes on the income so determined, when the tax is imposed under a statute authorizing such method of accounting.

Sections 200 and 212(b) of the Revenue Act of 1918, 40 Stat. 1058 and 1064, read:

"Sec. 200. * * * The term 'paid,' for the purposes of the deductions and credits under this title, means 'paid or accrued' or 'paid or incurred,' and the terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212."

"Sec. 212. * * * (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."

The applicable regulations of the Treasury Department promulgated April 17, 1919 (Regulations No. 45):

"Article 21. *Meaning of Net Income.*— * * * It is not limited to cash alone for the statute recognizes as income-determining factors other items, among which are inventories, accounts receivable, property exhaustion, and accounts payable for expense incurred. * * * This appears from the fact that ordinarily it is to be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer.

"Article 22. *Computation of Net Income.* — * * * If the method of accounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which items of gross income and deductions are to be accounted for.

"Article 52. *When Included in Gross Income.*—Gains, profits, and income are to be included in the gross income for the taxable year in which they are received by the taxpayer unless they are included when they accrue to him in accordance with the approved method of accounting followed by him. * * * *"

Section 212, above quoted, provides that "the net income [of a taxpayer] shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."

The plaintiff, as has been stated, used the accrual basis of accounting for the year 1919, as it had done in previous years. It therefore made its return for income and profits taxes for the year on that basis, as it was required to do. In its return it included as items of gross receipts all its cash collections for the year from its business, also as bills receivable it included its sales of merchandise during the year, accrued upon its books but not actually collected within the year. In computing its net taxable income, it deducted all items of expense actually paid and disbursed during the year, also as bills payable it deducted all items of expenses in-

curred and accrued on its books during the year but not actually paid within the year.

The Commissioner accepted the return made by the plaintiff on the accrual basis as clearly reflecting its income for the year, and made the assessment of plaintiff's taxes on the net income shown therein. The correctness of the plaintiff's net taxable income as determined by the Commissioner, on the accrual basis of accounting, is not questioned by the plaintiff. The complaint is that the Commissioner was without authority under the Revenue Act of 1918 and the Treasury Regulations applicable thereto to determine its taxable income on the accrual basis of accounting.

We think the Commissioner was correct and that he acted in strict conformity with the provisions of the statute and the regulations, and that the assessment of plaintiff's taxes, in so far as the method of accounting used by the Commissioner is concerned, was legally and properly made. The Commissioner properly rejected plaintiff's claim for refund.

The provisions of the Revenue Act of 1918 authorizing the assessment of income and profit taxes on an accrual basis of accounting is not in our opinion in conflict with the Sixteenth Amendment to the Constitution of the United States.

But, if the method used by the Commissioner in computing plaintiff's net income was open to question, or assuming even that it was arbitrary, that fact could not avail the plaintiff in this suit because of the absence of any showing that the amount as determined by the Commissioner was erroneous. Plaintiff has not shown that its tax liability for the year would have been less had the Commissioner computed its net income on a basis of actual cash receipts and disbursements as plaintiff claims should have been done.

United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Rieck v. Heiner (C. C. A.) 25 F.(2d) 453.

There is no merit in plaintiff's claim that the statute which permits the determination of net income upon the accrual basis violates the Sixteenth Amendment to the Constitution.

The second point raised by plaintiff in its claim for refund is that an amount averaging through the year $70,744.37, standing on its books to the personal credit of stockholders John A. Weed and F. W. Kidd, should be considered as invested capital.

The record shows that at the beginning of 1919 there was a sum of $22,291.06 standing on the books of the company to the credit of the personal account of John A. Weed, who was president and also a stockholder. Of this sum $21,749.68 represented dividends which had been declared in 1918 and credited to his personal account on December 31, 1918. It does not appear from the record what funds constituted the remainder of the amount standing to his credit.

At the beginning of the year 1919 there was upon the books of the company a credit to the personal account of F. W. Kidd, vice president and stockholder, the sum of $61,275.60. Of this amount $5,499.68 represented dividends declared by plaintiff during 1918 and credited to the personal account of F. W. Kidd, December 31, 1918. It is not shown in the record what funds constituted the remainder of the amount standing on the books of the company as a credit to his personal account.

There was no restriction or limitation upon stockholders Weed and Kidd as to the manner or time of payment to them of their respective accounts. Each was perfectly free, without any restrictions whatever, to draw upon the company for any or all of the account standing to his credit at any time he might choose. Each in fact did draw at will upon his account. During the year stockholder Weed drew on his account $13,658.18, and stockholder Kidd drew practically the same amount, $13,571.28. (Finding 10.)

Under these circumstances we are of the opinion the amounts credited on plaintiff's books to the personal accounts of stockholders John A. Weed and Frank W. Kidd must be considered as borrowed capital, and was properly excluded by the Commissioner as a part of its invested capital.

Borrowed capital is expressly excluded from invested capital under section 326 of the Revenue Act of 1918 (40 Stat. 1092). Section 325 of the act defines borrowed capital:

"The term 'borrowed capital' means money or other property borrowed, whether represented by bonds, notes, open accounts, or otherwise."

The pertinent Treasury Regulations (No. 45) are:

"Article 53. *Income not Reduced to Possession.*—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart although not then actually reduced to possession. To constitute receipt in such a case the income must

be credited to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made. A book entry if made should indicate an absolute transfer from one account to another." * * *

"Article 813. *Borrowed Capital Amounts Left in the Business.*—Whether a given amount paid into or left in the business of a corporation constitutes borrowed capital or paid-in surplus is largely a question of fact. * * * Amounts left in the business representing salaries of officers in excess of their actual withdrawal * * * will be considered paid-in surplus or borrowed capital according to the facts of the particular case. The general principle is * * * if the stockholder's or officer's right to repayment of such amount ranks with or before that of the general creditors the amounts so left with the corporation must be considered as borrowed capital and be so treated in computing invested capital."

The Commissioner, in disallowing plaintiff's claim to have included in invested capital the amount on its books credited to the personal accounts of stockholders Weed and Kidd, followed the plain provisions of the regulations which he was in duty bound to do. Article 53 provides that "a stockholder is considered to have received such amount when the account may be drawn upon by him at any time and there was no substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made." That was exactly the situation in this case.

Such sums, from the dates when they were credited on plaintiff's books to the personal accounts of stockholders Weed and Kidd, became liabilities of the plaintiff company, regardless of whether such amounts represented dividends, salaries, or commissions on sales. The Commissioner was correct in considering the amount of these credits as borrowed capital and in excluding it from plaintiff's invested capital. La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998; Logan Gregg Hardware Co. v. Heiner (D. C.) 26 F.(2d) 131; W. E. Caldwell Co., 6 B. T. A. 47.

The third point on which plaintiff's suit is based is that $13,000 in excess of $12,000 allowed by the Commissioner should be deducted as ordinary and necessary expense as a reasonable allowance for compensation for John A. Weed, president of the company.

The board of directors of the plaintiff company at a meeting in 1917 duly fixed the salaries of the president, vice president, and secretary of the company. The salary of John A. Weed, president, was fixed at $12,000 per annum.

No subsequent action was taken by the board with reference to this matter, and he was paid a salary of $12,000 for the years 1917 and 1918. In its return for the year 1919 plaintiff claimed a deduction of $67,-361.58 as a reasonable allowance for salaries, including the salary of its president, Weed, at $12,000.

The Commissioner found the amount claimed to be reasonable, and allowed plaintiff a deduction for the full amount claimed. In its claim for refund filed December 31, 1925, plaintiff for the first time sought an increased allowance as reasonable compensation for services rendered by its president, John A. Weed.

The Commissioner of Internal Revenue under the law, in computing the net income of a taxpayer, is required to ascertain and deduct all ordinary and necessary expenses paid or incurred during the taxable year in the carrying on of the taxpayer's business, including a reasonable allowance for salaries.

The Commissioner determined that a salary allowance of $12,000 was reasonable compensation for John A. Weed for the year 1919 as president of the plaintiff company, and allowed a deduction for that amount. He had all the evidence before him, including plaintiff's return, which is prima facie correct; also the fact that $12,000 per annum was the amount fixed by the board of directors as the salary of this official; also the fact that $12,000 was the salary paid for the years 1917 and 1918, and that $12,000 was the amount entered and accrued on plaintiff's books as his salary for the year 1919 and was the amount actually paid to him.

There is no satisfactory evidence in the record that the compensation fixed by the Commissioner as salary for John A. Weed was not a reasonable and proper compensation for the services rendered by him. Consequently the action of the Commissioner is correct, and plaintiff's claim on this point must fail. Seinsheimer Paper Co. v. United States, 63 Ct. Cl. 429; United States v. Philadelphia Knitting Mills Co. (C. C. A.) 273 F. 657; W. S. Bogle & Co. v. Blair (C. C. A.) 26 F.(2d) 771.

Plaintiff is not entitled to recover on any of the points presented, and its petition should be dismissed, and it is so ordered.

BOOTH, Chief Justice, and LITTLETON, GREEN, and GRAHAM, Judges, concur.