## NATIONAL STRAW WORKS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4416.

Circuit Court of Appeals, Seventh Circuit.

March 11, 1931.

Frank Hormuth, of Milwaukee, Wis., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John J. Remey, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John MacC. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Petitioner's attack on the rulings of the Board of Tax Appeals is directed to questions involving the amount of invested capital for the fiscal years 1920, 1921, 1922, and 1923, and the allowance of certain alleged losses, which were rejected by the Board. Since the appeal was taken, certain decisions of the Supreme Court and other federal courts have been announced, which sustain the rulings of the Board.

■ *Income Taxes Deducted from Invested Capital.* The Board reduced the taxpayer's invested capital for each year by a prorated amount of the preceding year's income and profits tax. The Board's ruling was correct. Hotel Wisconsin Realty Company v. Commissioner, 47 F.(2d) 842, decided by this court March 5, 1931; Fawcus Machine Company v. U. S., 51 S. Ct. 144, 75 L. Ed. — decided January 5, 1931.

■ *Insurance Premiums Not Invested Capital.* Petitioner carried life insurance of a substantial amount upon one of its employees and paid premiums annually thereon. The Board of Tax Appeals allowed petitioner to include, as part of its invested capital, a sum equal to the cash surrender value of the policy, but refused to include the sum total of all premiums paid. There can be no question of the correctness of the Board's ruling. Article 846, Regulations 45, 62; Appeal of E. J. Gallagher Realty Co., 4 B. T. A. 219. In the absence of any regulation or ruling, the question would hardly be debatable.

■ *Depreciation.* Petitioner sought an added allowance for depreciation for the years in question on the theory that the fair market value of the property on March 1, 1913, was larger than the sum allowed by the Commissioner. To prove the market value as of March 1, 1913, evidence was received of an appraisal made October 2, 1915. Using reproduction cost less depreciation as the basis, petitioner then made computations therefrom to show the value of the same property on March 1, 1913. Such evidence tended to show a valuation on the latter date higher than that determined by the Commissioner. It was upon the basis of the Commissioner's valuation that allowances for depreciation were made.

Petitioner's argument is based on the erroneous assumption that its evidence conclusively established the March 1, 1913 valuation. Its proof, in addition to being disputed by other testimony, was not particularly persuasive.

The Commissioner fixed the fair market value of the assets on March 1, 1913 from petitioner's own books. The value, as shown by the appraisal of October 2, 1915, was on the basis of reproduction costs at that time, less depreciation. The March 1, 1913, value was determined by eliminating, from the 1915 appraisal, changes in the asset account between March 1, 1913, and October 2, 1915. Such evidence did not necessarily reflect market value. Likewise, it failed to take into account any possible rise in value of property on October 2, 1915, over March 1, 1913.

It is, however, unnecessary for us to weigh the evidence. There being a conflict in the proof, the issue was closed by the finding of the Board sustaining the finding of the Commissioner. Bogle & Co. v. Commissioner (C. C. A.), 26 F.(2d) 771, 772.

Other questions raised by petitioner have been duly considered, but they require no statement or elaboration of our views.

The order of the Board of Tax Appeals is affirmed.