SMITH A. DEWEY, survivor, &c., v. HIRAM G. HOTCHKISS.

After a defendant has availed himself of the plaintiff's books of account, to
    establish certain credits in his favor, it is competent for the plaintiff to
    read from the same books charges and entries which show that those
    credits have been exhausted by counter charges of debit, made at about
    the same time and afterwards.

The defendant can not use the books to establish credits in his favor, and
    *uno flatu* deny to the plaintiff the full benefit of the charges therein
    against him.

He must take the whole or none; and having elected to put the books in
    evidence, for his own benefit, he cannot afterwards be permitted to deprive
    the plaintiff of the benefit of any charges therein in his favor.

In such a case it is wholly unimportant whether the whole or any portion
    of the entries are in the handwriting of the plaintiff.

THIS action was brought to recover a balance for goods
sold, arising out of merchants' accounts, part in favor of the
plaintiff and Philip C. Wells—the interest of Philip C.
Wells in which had been assigned to John Wells—and part
in favor of the plaintiff and John Wells. A portion of
the demands consisted in charges of cash to the defendant.
John Wells died after the commencement of the action.
On the trial before the referee, the plaintiff proved accounts,
commencing April 27, 1848, and ending September 30,
1851, amounting to $1,269.72. These accounts were proven
by the plaintiff's calling several persons who had been their
clerks, and on their examination placed in their hands the
day books of said plaintiffs, and proved by said clerks
items of charge against the defendant, which were upon
said books, fully by recollection independent of said books,
and partly by recollection refreshed from said books, and
partly by charges in said books, being in the handwri-
ting of said clerks. The plaintiffs also placed in the
hands of said clerks a certain other book, called a cash
book, and proved by said clerks charges of cash against
the defendant upon said cash books, in like manner as they
had proved the charges upon said day books. The total

32

amount of the plaintiff's account as thus proved was $1,269.72. The defendant on cross-examination, proved the books so produced to be the books of original entry of the plaintiffs, and proved certain entries upon said books to be in the hand-writing of Dewey, one of the plaintiffs. The defendant then offered to read in evidence from said day-books the said items of credit, amounting to $152.09, proved to be in the handwriting of Dewey. The same was admitted, and the defendant's counsel then read from said books said items in evidence. The defendant then offered in evidence said cash book for the purpose of proving items of cash which were credited to him on said cash book, and the same was admitted; and the defendant's counsel then read in evidence from said cash book eight items entered thereon of cash credited to said defendant, the first of which bore date July 21, 1848, and the last of which Nov. 19, 1851, and amounting, in the whole, to $152.09. The plaintiffs' counsel then offered in evidence the day-books of plaintiffs, and to read therefrom in evidence the several charges against the defendant made thereon, which had not been proved by the plaintiffs' witnesses, which were mostly in the handwriting of the plaintiff Dewey, commencing on the 27th day of April, 1848, and ending September 30, 1851, on the ground that the defendant having read in evidence the above-mentioned items from said day-books, the whole of said day-books were made evidence for the plaintiffs, to which the defendant objected, and the referee admitted the same, and the defendant excepted. The items so admitted amounted to $137.49, and were allowed to the plaintiffs by the referee, who reported a balance due to the plaintiffs of $299.62, and judgment entered on his report was affirmed at general term. The defendants, thereupon appealed to this court. The cause was submitted on printed points, by

*Wm. Clark*, for the appellants.

*T. R. Strong*, for the respondent.

DAVIES, J.   The only question made is whether the referee decided correctly in admitting the books in evidence on the part of the plaintiffs.   This point would seem to have been distinctly disposed of by this court.   In the case of *Low* v. *Payne* (4 Coms. 247), the court said:   The rule undoubtedly is that the private entry of the party himself, in his favor, is not available to sustain a charge for cash lent, but only those entries which are made in the regular and usual course of his business.   In that case, however, the books comprise a series of entries made in the usual course of business, in the midst of which, at considerable distances apart, are the two exceptionable items. The defendant made no proof, but would appropriate to himself the benefit of the credits appearing in his favor, upon the same books, while he denies to the plaintiff the full benefit of all his charges.   The court below were right in the position held by them, that if the defendant would make the books evidence in his favor, he can not do so without taking the whole account together.   The accounts are received in that case in like manner as the oral admissions of the party, the whole of which, or none, must be received.   The defendant is precluded by it, unless he wholly disproves the items.   In the case at bar the defendant availed himself of the plaintiffs' books, to establish certain credits in his favor.   Clearly the plaintiff was at liberty to use the same books to show the amount of charges against the defendant, also contained therein.   He can not use the books to establish credits in his favor, and *uno flatu* deny to the plaintiff the full benefit of the charges therein against him.   He must take the whole or none, and having elected to put the books in evidence for his benefit, he can not be now permitted to deny the plaintiff the benefit of any charges therein in his favor.

In *Pendleton* v. *Weed* (17 N. Y. 72), upon the trial the plaintiff called a bookkeeper who testified that he had examined the books of the two firms of the defendants, and then referred to certain entries in the ledger, and also

in the journal of one of the firms of the defendants. On his cross-examination, he testified that he had examined all their books that contained notes mentioned in the entries referred to would in a regular course of business be entered in the bill book, and that one of the entries referred to a cash book. The witness was then asked to turn to the cash book and read the entry referred to; also to the bill book, and read the corresponding entries in it in regard to the notes. Objection was made, but overruled by the court, and the plaintiff excepted, and the entries were read. The counsel for the plaintiff then called for the books of Rhodes, Weed & Co., the other firm of defendants which were produced, and the bookkeeper read certain entries in the ledger and journal of that firm. On his cross-examination, the witness was permitted by the court, under an objection and exception, to read from the cash and check books of that firm, upon the subject of the payment of the judgment in controversy; the court ruling that the witness might read from any of the books that were kept cotemporaneously. In the opinion, concurred in by all the judges of this court except one, upon this point, it is said: The entries which were objected to as evidence, in the books of N. & H. Weed & Co., proved nothing material beyond what had already been proved by the plaintiff; but in regard to all the entries, the reading of which was objected to, both those in the books of N. & H. Weed & Co., and those in the books of Rhodes, Weed & Co., the plaintiffs having given in evidence entries in some of the books of each firm on the question of payment, it was proper to allow the defendants to refer to other entries on the same subject, about the same time, in other books essential to a complete system of bookkeeping then kept and used by those firms respectively. The books of each firm must be regarded as one for the purposes of evidence, and the question is the same as if the entries objected to had been in the same books with the entries used by the plaintiff. If a party uses books of account against his adversary, he makes them evi-

dence for him on the same subject. They are like any declara-
tion or admission, by writing or orally; if part is used, the
whole relating *to the same matter* is admissible. In the case
now under consideration the plaintiffs' offer was to read from
the same books which the defendant had read from. The
portions proposed to be read by the plaintiffs related
to the same subject matter as the parts read by the defend-
ant, namely, the dealings between the parties. The defend-
ant had read entries forming a part of the plaintiffs' account
with the defendant. Other entries, in the same books, con-
taining items of said account were pertinent to a full under-
standing of the accounts and to their completeness. The
defendant had read items of credit to him from the books,
and it was clearly competent for the plaintiffs to read from
the same books charges and entries, which showed that
these credits had been exhausted by counter-charges of
debts made at about the same time and afterwards.

No inquiry was or could have properly been made as to
the handwriting of the entries in the plaintiffs' books put
in evidence by the defendant. The inquiry would have
been quite immaterial, as they did not derive their charac-
ter as evidence from that circumstance, but from the fact
that they were found in the books of the plaintiffs in the
regular course of their business, and were, therefore, to be
deemed and regarded as the acts and admissions of the
plaintiffs themselves. It was of no importance, therefore,
that the entries offered in evidence by the plaintiffs were
in the handwriting of one of the plaintiffs. They were
admissible, on the ground that the defendant had put in
evidence a portion of the admissions made by the plaintiffs
which were favorable to him, and it followed from thence
that the plaintiffs were entitled to put in the residue which
favored their views. It was wholly unimportant, whether
the whole or any portion of the entries were in the hand-
writing of the plaintiffs, or either of them. The judgment
appealed from should be affirmed.

HOGEBOOM, J.  The plaintiffs' account books, it is conceded, were properly in evidence.  In connection with the oral testimony of the clerks, they established the larger part of the plaintiffs' claim.  Being in evidence, the defendant availed himself of them to prove thereby credits in his own favor.  These were equally well established, whether they were in the plaintiffs' handwriting or not.  The plaintiffs' had brought them forward as their books, claiming for them authenticity and credit, and could not deny their admissibility and force, even when they operated against themselves.

In using them for his purpose, the defendant apparently travelled over their entire contents, selecting his items wherever he pleased, without reference to dates or subject matter, or their connection or relation to the charges read by the plaintiffs.  Thus he selected from the day books three different items, each of considerable amount, of the respective dates of May 2d, 1848, March 22d, 1849, and October 27th, 1849.  He selected from the cash book eight different items, ranging between the dates of July 21st, 1848, and November 19th, 1851.  He had therefore used the whole of the books indifferently for his purpose.  He had taken the entire account between the plaintiffs and the defendant, adopted it for his own benefit, and was not, I think, at liberty to renounce it where it made against him.  The books constituted one entire series of accounts between these parties, and, for the purposes of this case, may be regarded as if they contained nothing else whatever—indeed, as if they had all been presented in court by the plaintiffs on a single paper or account current.  In such case could the defendant be permitted to cull particular entries from the account and exclude the residue?  I think not.

The rule that a party whose oral declarations, in a conversation are improved in evidence by his adversary, is not thereby permitted to introduce in his own favor disconnected portions of the same conversation having refer-

ence to distinct and independent matters, has no close application to such a case.

1st. Because the account must be regarded as the single, entire and continuous statement of the party offering it—presenting his version of the true state of the business transactions between the parties—not necessarily entitled to credit in every part, if discredited by other evidence, but admissible for the consideration of the jury.

2d. Because the defendant, having adopted the whole statement by ranging through its entire scope and contents, has given currency to the whole, and has made it necessary to examine and take in the whole, in order to determine how far the portions rejected by him bear upon, affect or qualify the portions selected. There is no evidence that the portions of the account introduced by the plaintiff, after those introduced by the defendant, do not materially qualify the effect of the latter items, and do not in fact relate to the same precise subject matter. And we may presume it to be so, as we can make no intendment against the propriety of the ruling in the court below.

This court has, in substance, affirmed the propriety of this evidence. In *Low* v. *Payne* (4 Comst. 248), the plaintiffs' books (properly established by preliminary proof), constituted the only evidence. They contained credits which the defendant insisted upon the benefit of, and the court held him thereby compelled to submit to two charges of cash paid contained in the books, though not properly items of book account. In *Pendleton* v. *Weed* (17 N. Y. 76), where the books of two different firms had been put in evidence (in part consisting of different members), the court say: "The plaintiff having given in evidence entries in some of the books of each firm on the question of payment, it was proper to allow the defendant to refer to other entries on the same subject." If a party uses books of account against his adversary, he makes them evidence for him on the same subject. They are like any declaration or admission by writing or orally; if part is used, the

whole relating to the same matter is admissible." (Cow. & Hill's Notes, 229.)

If it be said this last authority shows that the entries in the different books related to the same subject matter, to wit: the question of payment of a particular judgment, I reply. that in this case, the subject matter is the state of the *entire account* between the parties. The parties had made it so by their mode of using the books. The plaintiffs had made the books evidence for themselves of all matters of accounts between the parties. The defendants had selected indifferently and indiscriminately from the mass of materials thus presented to them, all which they supposed tended to their advantage, without reference to their continuity or connection with those proved by the plaintiff. The entire books, with all their entries, had thus come legitimately before the court by the mutual assent of the parties, and they were permitted to cull from them at their pleasure. If we were disposed to take a stricter view of the rights of the parties, there is no evidence that the plaintiffs introduced a single item *subsequent* to those introduced by the defendant.

If these views are correct, the judgment should be *affirmed*. If they are not so, the judgment should not be reversed, but corrected by deducting therefrom the items illegally admitted, amounting to $137.49.

Judgment affirmed.