## JANES v. JANES.

(Court of Appeals of District of Columbia. Submitted January 4, 1922. Decided February 6, 1922.)

No. 3508.

1. **Witnesses** ⬅183—**Court not required to call party to testify to transaction with deceased.**

Under Code, § 1064, prohibiting a party from testifying to any transaction with a deceased person, in a suit against an administrator, with certain exceptions, among which is the case where the party is called to testify by the court, the trial court should not call the party, except in extreme and special cases, and is not required to call him to testify whenever requested, which would defeat the manifest purpose of the statute.

2. **Appeal and error** ⬅1056(3)—**Witnesses** ⬅176(1)—**Party offering in evidence answer containing statement of deceased is not thereby entitled to testify, so that exclusion of answer was not prejudicial.**

In a suit for a partnership accounting against the representative of a decedent, the introduction by plaintiff in evidence of the answer, containing statements by decedent, would not be testimony by the adverse party, as to such statements, which would entitle plaintiff to testify in respect thereto, but would be evidence on behalf of plaintiff, and he was not prejudiced by the exclusion of the answer from the evidence.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Appeal and error ⚌232(2)—Contention that sworn answer in equity entitled plaintiff to testify as to certain matter not raised by objection to answer as evidence.**

The contention that the sworn answer in proceedings in equity was evidence on behalf of the defendant, so as to entitle plaintiff to testify concerning statements by defendant's intestate, uncorroborated in the answer, cannot be first made on appeal, and will not be considered, where the objection below was to the exclusion of the answer as evidence.

4. **Appeal and error ⚌662(1)—Record held to show party testified as to statement of attorney for deceased.**

A complaint on appeal that the trial court erred in refusing to permit plaintiff to give a conversation he had with the attorney of defendant's intestate relative to the disposition of a balance he claimed was due from the intestate is not sustained by the record, showing that plaintiff testified that he asked the attorney about the balance, and that the latter replied the intestate had invested it in the subject of the alleged partnership.

5. **Appeal and error ⚌1056(4)—Exclusion of evidence held not prejudicial under decree.**

In a suit for an accounting of an alleged partnership, the exclusion of plaintiff's testimony that defendant's intestate had told plaintiff he would put him in partnership in the business when the war closed, was not prejudicial to plaintiff, where the decree was based on a finding of an agreement to form a partnership at the close of the war, which was not carried out, because intestate died during the war.

Appeal from the Supreme Court of the District of Columbia.

Suit by Frank Janes against Androneke Janes, administratrix of the estate of John Janes. Decree for defendant, and plaintiff appeals. Affirmed.

E. F. Colladay, P. H. Marshall, and B. B. Pettus, all of Washington, D. C., for appellant.

S. V. Hayden and Thomas H. Patterson, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellant, plaintiff below, claiming that he was a partner of his brother John at the time of the latter's death, in a business conducted at 444 Ninth Street, N. W., Washington, filed his bill asking that the administratrix of John's estate be enjoined from disposing of the assets of that business, and that she be required to account for the assets to a receiver appointed by the court. She denied the partnership. After a trial, the court found that John had promised to make appellant a partner after the war, but that John died before the war was over, and hence that the promise was never carried into effect.

[1] Appellant, realizing that section 1064 of the Code prohibited him from testifying to any transaction with, or admission of, his brother, moved the court to call him as a witness, which it declined to do. This motion was based on the closing phrase of the Code section just mentioned, which says that the surviving party shall not testify, except under stated conditions, one of which is "unless called to testify thereto by the court." We held in Ockstadt v. Bowles, 34 App. D. C. 58, that the trial court should not call the party, except in "extreme and spe-

cial cases." This must be the correct construction of this very important statute. If we were to adopt the view advocated by appellant, and rule that it is the duty of the court to call a party to testify whenever he requests that it be done, we would thereby defeat the manifest purpose of the statute, and this a court may not do. Porto Rico Railway, Light & Power Co. v. Mor, 253 U. S. 345, 40 Sup. Ct. 516, 64 L. Ed. 944; Arthur D. King v. District of Columbia, —— App. D. C. ——, 277 Fed. 562. We find nothing in the present case which would justify us in saying that it is extreme or special.

Appellant cites Myers v. Manlove, 53 Ind. App. 327, 101 N. E. 661, and Parsons v. Wentworth, 73 N. H. 122, 59 Atl. 623, as authorities for his contention. But they are not. In the Myers Case it was ruled that whether or not the surviving party should be called as a witness depended on "the particular facts in each case." There the surviving party was called, but it appeared that, while he denied liability on the note in suit, which was given by him to the deceased, his denial was based upon a transaction which he had with one of the plaintiffs, which she could deny, if she thought proper, and with respect to which the deceased had no knowledge. This distinguishes it from the case at bar, where the appellant, the surviving party, sought permission to give testimony with respect to conversations had with his brother, the deceased. The New Hampshire court, in the Parsons Case, said:

"It is a proper exercise of the court's discretion to allow the surviving party to testify to relevant facts occurring in the lifetime of the deceased party, as to which the latter could not testify, if living. The exercise of the court's discretion in this case, in allowing the plaintiff to testify to facts within the knowledge of himself and the surviving partner only, was in accordance with this rule, and the exception thereto must be overruled."

Manifestly this is not an authority for calling the surviving party to testify to statements made by the deceased.

[2, 3] Appellant offered the appellee's answer in evidence, but the offer, on objection, was rejected by the court. The purpose of the offer was to show that the appellee, by reciting in her answer a statement which she alleged her husband had made to her concerning the appellant, had thereby testified in regard to that statement, and that therefore it was competent for him to give testimony in relation to the same. This theory is rather attenuated, and not at all persuasive. If the offer had been accepted, it could not be said that thereby it had been established that, in the language of the statute, "the opposite party" had "first" testified "in relation to the same." The testimony would be charged to the appellant and not to the opposing party. While it is argued that the answer, being sworn to, was according to equity practice evidence in favor of the appellee, that is immaterial, since nothing was claimed on that hypothesis in the trial court. The question we have to deal with is whether or not the court erred in refusing to receive the answer in evidence. We think it did not.

[4] Complaint is made because the court did not permit the appellant to give a conversation which he had with Mr. Toomey, the attorney of his brother John, relative to the disposition of a balance which he claimed was due him from his brother. Mr. Toomey delivered to him two checks, for $250 each, and other money, on account of what

was due from his brother to him. He claimed this did not discharge John's entire debt to him, and asked Mr. Toomey about the balance. The latter replied, according to appellant's story, that his brother John had invested it in a saloon [the subject of the alleged partnership], and that at the end of the war John would start a place and associate appellant with him as a partner. We think this shows that he was permitted to testify as to the disposition made of the remaining money, namely, that it had been invested in the saloon.

[5] Two witnesses testified, on behalf of the appellee, to a conversation between John and Frank in the kitchen of 514 Ninth street, a few months before the former's death. Appellant was permitted to rebut what they said. He went farther, however, and testified with respect to statements alleged to have been made by his brother, but to which no reference had been made by the two witnesses. This was stricken out, on the ground that it was prohibited by the Code section heretofore referred to. In it he said that John had told him that he would "put him in partners at 444"; that "when the war was stopped then he would draw the papers, and then the place—they would remodel it from a saloon, near-beer place—to a candy store"; that, "if he was satisfied, to sell the place or rent the lease, and whatever money they would get out of it, to divide it up," and that he was satisfied with that. No prejudice could have resulted from the exclusion of this testimony, for its only tendency was to show that there was an agreement between the brothers to become partners "when the war was stopped," and that Frank was satisfied with the arrangement. This is in harmony with the decree of the court. The place at 444 Ninth street was open for business before John's death in September, 1918, and his intention was to turn it into a candy store after the war. But appellant never worked in the place, nor had anything to do with the business conducted there.

We are satisfied that no prejudicial error was committed, and the decree is affirmed, with costs.

Affirmed.