## BECKER v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
October 28, 1927.

No. 5153.

Internal revenue ⬡25—Assessment to determine income and profits of business concern held properly made on accrual basis, where method followed failed to disclose income (Revenue Act 1918, § 212 [b], being Comp. St. § 6336⅛f).

Under Revenue Act 1918, § 212(b), being Comp. St. § 6336⅛f, Commissioner of Internal Revenue was authorized to make assessment for purpose of determining income and excess profits of business concern on an accrual basis, where the company's method failed to disclose its income, although books were kept on basis of cash received and disbursed.

Appeal from the District Court of the United States for the Middle District of Georgia; William J. Tilson, Judge.

Suit by the United States against S. L. Becker. Judgment for the United States, and defendant appeals. Affirmed.

Roland Ellis and Frank Reagan, both of Macon, Ga., for appellant.

Scott Russell, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit by the United States to collect a tax from the income and excess profits of the Union Furniture Company for that part of the year ending September 30, 1918. On or about that date the company was dissolved, and appellant, who was the sole stockholder, sold all its assets and received more than is sought to be recovered. The following facts were either agreed to by stipulation or appear by uncontradicted evidence:

The books of the company were kept on the basis of cash received and disbursed, but they did not correctly reflect the income. The assessment of the Commissioner of Internal Revenue was made on the accrual basis,

which is the method generally adopted by accountants, and which though not exact, was as nearly accurate as it was possible to make from the company's books, or as is usually obtained from the books of a small retail business. The company was engaged in selling furniture on the installment plan.

While appellant claims the assessment was erroneous, he fails to show that any part of it should be disallowed. Section 212(b) of the Revenue Act of 1918, 40 Stat. 1064 (Comp. St. § 6336⅛f) provides: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income." It follows that, as the company's method failed to disclose its income, the assessment as made was authorized by law. That assessment was prima facie evidence of the amount due. Upon proof by appellant that it should be reduced by any particular amount, the government would still be entitled to recover the remainder. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131.

As the assessment was not shown to be incorrect, the prima facie presumption that attached to it was not overcome, and the District Court correctly sustained it as made.

The judgment is affirmed.