## CROOK et al. v. UNITED STATES.

## CHRISTMAN et ux. v. SAME.

Circuit Court of Appeals, Fifth Circuit.
February 15, 1929.

No. 5369.

J. D. Wilkinson and W. S. Wilkinson, both of Shreveport, La. (C. Huffman Lewis and W. S. Wilkinson, both of Shreveport, La., on the brief), for appellants.

E. O. Hanson, Sp. Atty., Bureau Internal Revenue, of Washington, D. C., and Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La. (C. M. Charest, Gen. Counsel, Bureau Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. These are appeals in two cases, which were not consoli-dated, but were tried together, a material part of the evidence being introduced in both cases. One of the cases was an equity suit brought by the government against Robert L. Crook and Daniel H. Christman to recover the amount of a tax deficiency assessed against the Pine Island Refining Company, a corporation, following a review and audit of its income and profits tax return for the calendar year 1919; the bill alleging that that corporation was dissolved in 1920, and that in the distribution of its assets the parties sued, being its only stockholders, as distributees received its assets, amounting in value to more than the sum sued for.

The other case was an action at law by Daniel H. Christman and his wife against the government to recover the amounts of tax deficiency assessments paid under protest, those deficiency assessments resulting from the Commissioner adding to the gross incomes of Christman and his wife for the year 1919 the par value of $5,000 of bonds and .$12,500 of stock of the International Oil & Gas Company received by Christman as distributee of the assets of the Pine Island Refining Company, which bonds and stocks Christman received in excess of the cost to him of his stock in the Pine Island Refining Company. Christman and his wife, in their income tax returns for 1919, did not report those stocks and bonds as of any value. Each of the suits resulted in a judgment in favor of the government.

The deficiency assessment which was in question in the equity suit resulted from the Commissioner changing the value at the time of its acquisition by the taxpayer of property sold by it from $50,000, the value stated in the taxpayer's return, to $40,000, and from adding $6,500 to the value of bonds of the International Oil & Gas Company of the face value of $10,000, the value of which bonds was stated in the taxpayer's return to be $3,500. The deed, dated April 30, 1918, whereby the taxpayer acquired title to the property mentioned, recited a consideration of $40,000. The falsity of that recital was not deposed to, though the grantor in the deed, Robert L. Crook, one of the appellants, testified as a witness for the appellants. The appraisement which was filed with the taxpayer's charter stated the value of that property to be $40,000. The evidence relied on as showing a different value was an admission that on the books of the taxpayer the value of that property was set up in 1918 at $50,-000, and for which it issued $50,000 of its stock. The par value of stock is questionable evidence of the value of the property

918

for which the stock was issued. Virginia v. West Virginia, 238 U. S. 202, 35 S. Ct. 795, 59 L. Ed. 1272. The cost of the property was the basis for determining loss or gain sustained by the sale of it. Revenue Act of 1918, § 202 (a), 40 Stat. 1060.

We think the court was warranted in concluding that the evidence afforded by the recitals in the deed and the appraisement was not rebutted by the evidence as to the amount of stock issued for the property in question. As to the value of the bonds referred to, the evidence principally relied on by appellants was the testimony of two witnesses, one of whom testified by deposition in response to written interrogatories; the testimony of the other witness, Robert L. Crook, one of the appellants, being given orally in the presence of the court. The testimony of the witness who testified by deposition, which was taken in 1928, contained statements as to the "instrinsic" value in 1919 of the properties mortgaged to secure the bonds in question, and to the effect that, so far as he knew, those bonds were not quoted on any stock exchange in 1919. That testimony did not negative the conclusion that the mortgaged property, consisting of oil leases, some of which contained producing oil wells, a refinery, tank cars, etc., had in 1919 a market value greatly in excess of the amount which the witness, testifying after conditions had materially changed, stated then was its "intrinsic value," or could have been sold in 1919 for greatly more than that amount. The trial court was in a much better position than is this court for determining what, if any, probative value the testimony of the other witness had. We do not think that the record shows that the testimony relied on by appellants was such as to require the conclusion that the presumption of the correctness of the Commissioner's determination as to the value of the bonds mentioned was overcome.

In the other case, the testimony of the two above-mentioned witnesses was relied on to prove the incorrectness of the Commissioner's determinations as to the value of the bonds and stocks referred to. For reasons above indicated, we do not think that it appears from the record that the evidence was such as to warrant this court in setting aside a finding by the trial court that the presumption of the correctness of the Commissioner's determinations as to the values of the stocks and bonds referred to was not overcome.

We conclude that the record does not show any reversible error. The judgment in each of the cases is affirmed.