**Sam MESI, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11775.**

United States Court of Appeals
Seventh Circuit.

April 5, 1957.

Howard R. Slater, Erving S. Sternberg, Chicago, Ill., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Tax Division, Elmer J. Kelsey, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Sam Mesi, hereinafter referred to as the taxpayer, by his petition asks us to review a decision of the tax court which decided that there is a deficiency in his income tax for the year 1946 in the amount of $10,887.77. The tax court made findings of fact and rendered an opinion.[1]

During the year 1946, taxpayer was engaged in the business of accepting wagers on horse races, commonly known as bookmaking. He had a principal location for which he paid an annual rental. Incoming bets totaled $793,287.-50 in 1946. He employed 6 or 7 persons during that year, paying them gross wages in the amount of $14,563.84.

1. Reported in 25 T.C. 513.

Among these employees were a cashier, 2 or 3 sheet writers who accepted and entered the incoming bets, men on the "hard cards," and a doorman. The total ins, the total outs, the gross profit, and the percentage of gross profit to ins, for the year 1946, according to monthly summaries kept by the taxpayer and his return for that year are as follows:

Total ins ............$ 793,287.50
Total outs ............   750,069.85
    Gross Profit ......$   43,217.65
    Percentage of
        Profit ..........       5.45

As interpreted by respondent, the tax court determined "that the wages paid to employees in taxpayer's illegal gambling enterprise were not deductible since the payment of the wages violated the criminal statutes of Illinois and the deduction of such wages would tend to frustrate the declared public policy of that state."

The tax court disallowed $5,000 of the betting losses claimed by the taxpayer.

■ 1. The tax court erroneously failed to allow as deductions wages proved to have been paid by taxpayer to his employees in carrying on his business. We so held in Commissioner of Internal Revenue v. Doyle, 7 Cir., 231 F.2d 635, affirming the tax court's memorandum decision, P-H T.C.Memo 54,340; and Sullivan v. Commissioner (Ross v. Commissioner) 7 Cir., 241 F.2d 46. It is therefore necessary for us to, and we do, reverse the decision of the tax court to that extent.

2. A part of the judgment of the tax court rests upon its finding of fact that taxpayer overstated his deduction for wagering losses on his return in the amount of $5,000. As to how this figure was arrived at, the record does not fully disclose.

While respondent determined that $48,010.41 of the losses claimed by taxpayer must be disallowed because his reported gross profit amounted to but 5½% whereas the parti-mutuel machines in the state of Illinois operated on a gross profit of 11½ or 12½ per cent, depending upon their location, the tax court discarded this ground for disallowance as being not justified.

The tax court found that the parties have stipulated that petitioner's records for one day[2] during the year 1946 are to be considered typical of his records for that entire year. There is no written stipulation to this effect in the record. We have examined large parts of the colloquy of counsel upon the trial before the tax court and we are unable to find a clear stipulation to that effect. Upon what, if anything, the counsel agreed, is vague and elusive. The briefs in this court do not clarify the subject.

■ In the notice of deficiency furnished by respondent to the taxpayer, it is stated that the excess of "gaming receipts over gaming disbursements, or gross receipts reported by you in your income tax return for the taxable year 1946 in the amount of $43,217.65 has been increased by [sic] $48,010.41 on the basis of information on file in the Bureau * * *." (Italics supplied.) The record does not show what this information was. It is axiomatic that a judgment of the court cannot rest upon facts not presented to it.

■ It follows that, as to the disallowance of $5,000 of taxpayer's betting losses, the decision of the tax court must be, and it is hereby, reversed and the cause remanded to that court for further proceedings in reference to that subject only.

Reversed in part and remanded in part, for further proceedings.

2. March 16, 1946.