**UNITED STATES of America,**
**Plaintiff,**

v.

**Miles S. FIRNHABER, Administrator of**
**the Estate of Helen L. Firnhaber,**
**Defendant.**

**No. 68–C–218.**

United States District Court,
E. D. Wisconsin.

Oct. 15, 1971.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Miles S. Firnhaber, pro se.

## OPINION AND ORDER.

TEHAN, District Judge.

On August 8, 1968, the United States of America commenced this action seeking judgment against Miles S. Firnhaber, Administrator of the Estate of Helen L. Firnhaber, for unpaid taxes, penalties and interest in the amount of $2583.36, plus interest and additions as provided by law. The defendant, who was not represented by counsel was granted an extension of the time to answer the complaint to October 15, 1968 and filed an answer on February 24, 1969. A pre-trial conference was held on November 24, 1969 at which the possibility of settlement was suggested, and the court directed the parties to notify it of the progress of settlement negotiations and provided that a further conference would be set if no settlement was reached. On March 2, 1970, counsel for the plaintiff notified the court that settlement had not been reached.

The plaintiff filed a motion for summary judgment on August 18, 1970, together with a supporting affidavit and brief. The defendant was directed to file an answering brief within ten days and on August 20, 1970 informed the court that he had retained an attorney who would undoubtedly request an extension. When no brief was filed by January 19, 1971, the motion was scheduled for hearing on March 2, 1971, and the defendant and his counsel were directed to file a response by February 19, 1971. No response was filed and on February 26, 1971, counsel for the plaintiff requested an adjournment of at least thirty days because the defendant had submitted a new offer of settlement. The motion

was rescheduled for hearing on May 3, 1971. On April 28, 1971, counsel for the defendant requested another adjournment. This request was granted, the hearing was rescheduled for June 1, 1971, and counsel for the defendant was informed that any brief in opposition to the motion should be filed ten days prior to the hearing.

The defendant and his counsel appeared on June 1, 1971, and the defendant requested an additional adjournment to enable him to retain a tax attorney. The court granted him until June 10, 1971 to file his brief and counter-affidavits with respect to the plaintiff's motion, and oral argument on the motion was waived. No brief or counter-affidavits have been filed as of the present time. Counsel for the plaintiff informed the court after June 10, 1971 that the parties were again attempting settlement, but on August 19, 1971 stated that that attempt was unsuccessful. We must therefore rule on the plaintiff's motion without a response from the defendant.

The complaint alleges that on July 23, 1965, assessments of taxes, penalties and interest for 1956 and 1958 were made against the defendant, part of which were unpaid, and that consents extending the expiration period for assessments for those years to December 31, 1965, had been signed by the defendant or his decedent. Judgment for the unpaid taxes, penalties and interest in the amount of $2583.36 is sought. The defendant's answer denies jurisdiction and liability, challenges the assessment and alleges that the plaintiff cannot recover because it did not timely file a claim in the estate.

The affidavit of plaintiff's counsel filed in support of the motion for summary judgment states:

"4. Attached hereto and marked as Exhibits A and B are certified copies of Form 4340, Certificate of Assessments and Payments, relating to the income tax liabilities set forth in the Government's complaint. As noted in the attached exhibits, assessments

were made against Helen Firnhaber, deceased, on July 23, 1965, for unpaid income taxes relating to the years 1956 and 1958 in the amounts of $1,653.20 and $1,748.46, respectively. Payments and credits totaling $818.30 have been applied against the 1958 liabilities, thereby leaving a total indebtedness due for that year of $930.16 and a total indebtedness due for both years of $2,583.36 plus interest and additions as provided by law. Notice and demand for payment respecting these liabilities was made on July 23, 1965."

and the documents to which it refers are attached containing the information summarized.

The assessment thus proven by the plaintiff is presumed valid, (Plisco v. United States, 113 U.S.App.D.C. 177, 306 F.2d 784 (1962, cert. denied 371 U. S. 948, 83 S.Ct. 505, 9 L.Ed.2d 499) and the defendant has offered nothing tending to rebut that presumption.

This court has jurisdiction under § 7402(a), Title 26 U.S.C. and § 1340 and § 1345, Title 28 U.S.C. over an action for a judgment on an assessment. See, e. g. United States v. Miller, 318 F. 2d 637 (7th Cir. 1963).

The plaintiff admits that a claim for the tax liability herein involved was not filed in the estate of the defendant's decedent within the time limit prescribed by § 313.03, Wis.Stats. It contends, however, that this action is still maintainable because the state statute of limitations does not bind the United States. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). It is clear that the United States is not subject to state statutes of limitations unless it consents. 5 Cyc.Fed.Proc. (3rd Ed.) § 15.546. The defendant has not brought to our attention, nor do we know of, any authority indicating consent in this case.

In its motion and supporting papers, the plaintiff has established its entitlement to the relief sought. The defendant has failed to demonstrate the existence of any genuine issue of material fact for trial in the manner required by Rule 56, Federal Rules of Civil Procedure.

It is therefore ordered that judgment be entered for the plaintiff and against the defendant in the amount of $2,583.36 plus interest and additions as provided by law.