William H. Green v. Commissioner.
Green v. Commissioner
Docket No. 2495-70.
United States Tax Court
T.C. Memo 1972-131; 1972 Tax Ct. Memo LEXIS 125; 31 T.C.M. (CCH) 592; T.C.M. (RIA) 72131; June 20, 1972, Filed, Tried in Washington, John A. Waller, for the petitioner. James J. Keightley, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $6,172.30 in petitioner's income tax for 1966. The only question before us is whether petitioner suffered any gambling losses during 1966 so as to provide an offset against his winnings in that year pursuant to section 165(d) [1], I.R.C. 1954. Some of the facts have been stipulated and, together with the exhibits in support thereof, are incorporated herein by this reference. Petitioner resided in Washington, *126 D.C., at the time the petition herein was filed. He filed a timely income tax return for 1966 with the district director of internal revenue at Baltimore, Maryland. During 1966, petitioner, a cab driver, frequented several race tracks around the metropolitan Washington area, including Pimlico Shenandoah Downs, and Bowie. On at least one occasion, he went to Aqueduct Race Track in New York. Petitioner went to the races two to three times a week and, on occasion, visited one track during the day and another at night. On single races, petitioner usually bet on three or four horses in order to increase his chances of winning; however, petitioner did not consider himself to have any "winnings" unless his winnings on a particular day exceeded his losses. Most of petitioner's bets were placed by himself; however, he occasionally had some friends place bets for him also. On April 5, 1966, petitioner won a $21,854 twin double at Shenandoah Downs; he signed Form 1099, evidencing receipt of the money, and reported this amount on his 1966 return as his only gambling winnings. Against this amount, petitioner claimed gambling losses of $21,840. In support of his claim, he submitted $23,680 *127 in losing tickets, all allegedly purchased by him or on his behalf between April 6, 1966 and May 21, 1966. Except as aforesaid, petitioner at no time has kept any record of either his winnings or his losses. Several of the losing tickets submitted unmistakably bear heel marks. At the outset, we note that petitioner bears the burden of proving that he incurred gambling losses which may be set off against his gambling gains for 1966. Rule 32, Tax Court Rules of Practice.
As we noted in our findings, some of the losing tickets purportedly bought by petitioner or on his behalf bore heel marks. Other tickets purchased on the same day and at the same track are relatively clean. Petitioner, who was the only witness on 593 his own behalf, failed to offer a satisfactory explanation for this circumstance. [2]
Petitioner went to the races regularly and frequently. He admitted that he often bet on several horses in a single race, yet he made no attempt to keep a record of his winning tickets. His explanation was that, except for the time that he won the daily double involved in this case, he never had a "winning" *128 day. We are unable to accept this bare, generalized assertion. Thus, even if we were to find that petitioner actually purchased all of the tickets submitted into evidence, we cannot find that he did not have other net winnings, beyond the daily double involved herein, which he failed to report. On the other hand, despite the many doubts which we have, we think that the record as a whole (and particularly that portion dealing with petitioner's subsequent financial circumstances) indicates that petitioner did have net losses in 1966 which ate up a part of the large daily-double winning. Bearing heavily upon petitioner because of his own inexactitude, we find that he is entitled to deduct gambling losses in 1966 in the amount of $2,000. Cf. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930); Herman Drews, 25 T.C. 1354 (1956). Compare Plisco v. United States, 306 F. 2d 784 (C.A.D.C. 1962). Decision will be entered under Rule 50. Footnotes
1. SEC. 165. LOSSES. * * * (d) Wagering Losses. - Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.↩
2. Compare Stanley P. Legawiec, T.C. Memo. 1970-295↩.