T.C. Memo. 2014-113

UNITED STATES TAX COURT

MICHAEL A. COBURN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15293-11.                    Filed June 10, 2014.

<u>Howard Scott Fisher</u>, for petitioner.

<u>Whitney N. Moore</u>, <u>James C. Hughes</u>, and <u>Catherine G. Chang</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  Respondent issued a notice of deficiency determining the

following deficiencies, additions to tax, and penalties with respect to Michael

Coburn's Federal income tax for years 2002 and 2003:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2]

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|--------------------------------|----------------------|
| 2002 | $74,362 | $18,486 | $14,872 |
| 2003 | 205,657 | 51,335 | 41,131 |

After concessions by both parties, the issues remaining for consideration are whether Mr. Coburn is entitled to a net operating loss carryforward for the 2003 tax year and whether he is liable for the additions to tax and penalties. Mr. Coburn failed to prove that he is entitled to the net operating loss carryforward. Mr. Coburn is also liable for the additions to tax and penalties.

## FINDINGS OF FACT

Mr. Coburn is a medical doctor specializing in physical medicine and rehabilitation. In 1985 he moved to California and started his own private practice focusing on workers' compensation work injuries. Around 1999 and 2000 Mr. Coburn changed his area of practice and began concentrating on pain management and electrodiagnositic studies. This practice was named Netwave Neurodiagnostics and Pain Management (Netwave). As Netwave evolved, Mr.

---

[1](...continued)
Revenue Code in effect for the relevant years, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[*3]** Coburn hired more employees, and he entered into agreements with area doctors to see patients at their offices. Because of these extra costs, Netwave operated at a loss and Mr. Coburn used his personal savings to pay Netwave's expenses. Mr. Coburn did not personally keep any of the financial records for the business and instead relied on staff members to handle the accounting matters. Mr. Coburn did not employ a bookkeeper or an accountant for the business during the years in issue.

Mr. Coburn fell behind on filing his tax returns. Mr. Coburn started working with an enrolled agent at an accounting firm to file his past due returns. The enrolled agent completed Mr. Coburn's returns by comparing statements made during discussions with Mr. Coburn about his finances to the information provided. Mr. Coburn filed Forms 1040, U.S. Individual Income Tax Return, for 2002 and 2003 in 2008. Attached to each return was a Schedule C, Profit or Loss From Business, identifying his principal business as occupational medical diagnostics for Netwave.

Respondent examined Mr. Coburn's 2002 and 2003 returns. As part of the examination the revenue agent requested substantiation for all of Mr. Coburn's claimed deductions. Mr. Coburn and the enrolled agent spoke with the revenue agent on a few occasions. At the conclusion of the audit, the revenue agent told

[*4] the enrolled agent that she was disallowing many of the deductions that Mr. Coburn claimed on his 2002 and 2003 returns, including the net operating loss carryforward he claimed on his 2003 return.

Respondent issued a notice of deficiency on March 30, 2011, reflecting adjustments to the Schedule C deductions and making other computational adjustments for the 2002 and 2003 taxable years. In addition respondent determined additions to tax under section 6651(a)(1) as a result of the untimely filing of Mr. Coburn's 2002 and 2003 returns and an accuracy-related penalty under section 6662(a) for each year in issue.

Mr. Coburn, residing in California, timely petitioned the Court. This case was calendared for trial during the Court's trial session in Los Angeles, California. At the time of trial, the parties entered into a stipulation of settled issues. Respondent conceded portions of the disallowed Schedule C deductions, and Mr. Coburn conceded that he was not entitled to any additional Schedule C deductions beyond those respondent allowed. Accordingly, the only issues remaining are whether Mr. Coburn is entitled to the net operating loss carryforward claimed on his 2003 return, whether Mr. Coburn is liable for additions to tax under section 6651(a)(1), and whether Mr. Coburn is liable for accuracy-related penalties under section 6662(a).

[*5]                                OPINION

I.  Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving otherwise.[2]  Mr. Coburn argues that the presumption of correctness should not attach because the notice of deficiency is a "naked assessment".  Although a "naked assessment" may cause the Commissioner's presumption of correctness not to attach, this doctrine does not apply to disallowed deductions.[3]  When claimed deductions are involved, the taxpayer bears the ultimate burden.[4]  Additionally, when a taxpayer fails to substantiate his claimed deductions, the Commissioner's determination to deny them is not arbitrary or unreasonable.[5]

Mr. Coburn also argues that the burden of proof should shift to respondent. If the taxpayer introduces credible evidence regarding any factual issue relevant to

---

[2]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

[3]Dunne v. Commissioner, T.C. Memo. 2008-63; Hutchinson v. Commissioner, T.C. Memo. 1980-551.

[4]Keogh v. Commissioner, 713 F.2d 496, 501 (9th Cir. 1983), aff'g Davies v. Commissioner, T.C. Memo. 1981-438.

[5]Roberts v. Commissioner, 62 T.C. 834, 835-837 (1974); Taylor v. Commissioner, T.C. Memo. 2006-67.

**[\*6]** ascertaining the taxpayer's liability, the burden may shift to the Commissioner under section 7491(a). Credible evidence is "'evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted'".[6] However, the burden will shift only if the taxpayer has complied with the necessary substantiation requirements, has maintained all records, and has cooperated with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews.[7]

Mr. Coburn argues that because respondent did not audit his returns for the years during which the net operating losses purportedly arose, respondent's determination to disallow the net operating loss carryforward for 2003 is arbitrary. However, other than his own testimony, Mr. Coburn did not provide any evidence to substantiate the losses. Accordingly, the burden does not shift to respondent because Mr. Coburn has not complied with the requirements of section 7491(a)(2).

---

[6]Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H. R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

[7]Sec. 7491(a)(2).

**[*7]** II.  Net Operating Loss Carryforward

Income tax deductions are a matter of legislative grace, and the burden of proving entitlement to any claimed deduction rests on the taxpayer.[8]  Further, the taxpayer is required to maintain sufficient records to "show whether or not such person is liable for tax".[9]  In some instances, the Court may approximate the amount if the taxpayer can establish a deductible expense but cannot substantiate the precise amount.[10]  However, the taxpayer must provide some basis for the estimate.[11]

Section 172(a) allows for a net operating loss (NOL) deduction.  An NOL is the excess of the allowable deductions over gross income, subject to specified modifications.[12]  In the case of a taxpayer which has a net operating loss arising in 2001 or 2002, an NOL generally must first be carried back for 5 years and if not

---

[8]INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); see also Rule 142(a).

[9]Sec. 6001.

[10]Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

[11]Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

[12]Sec. 172(c) and (d).

**[\*8]** completely absorbed, it may be carried forward up to 20 years.[13]  Under

section 172(b)(3), a taxpayer may elect to waive the carryback period and carry the

entire loss forward.  However, the election must be made by the due date

(including extensions) of the return for the year in which the NOL arose and for

which the  election is to be in effect.[14]

Typically, the taxpayer bears the burden of establishing both the actual

existence of an NOL for another year and the amount of that NOL that may be

carried to the years in issue.[15]  A taxpayer's return is merely a statement of the

taxpayer's position and cannot be used to substantiate a deduction.[16]  We have

jurisdiction to consider facts related to years other than the years in issue in order

to redetermine the liability for the periods before us.[17]

Mr. Coburn claimed an NOL carryforward into 2003.  He did not specify

what years generated the NOL carryforward, but after reviewing his returns, it is

clear that his position is that the NOLs originated in 2001 and 2002.

---

[13]Sec. 172(b)(1)(A), (H); sec. 1.172-4(b)(1), Income Tax Regs.

[14]Sec. 172(b)(3).

[15]Keith v. Commissioner, 115 T.C. 605, 621 (2000).

[16]Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979).

[17]Sec. 6214(b).

**[*9]** Mr. Coburn did not provide any evidence other than his and his enrolled agent's vague testimony to substantiate the NOL from 2001. We find that he failed to establish that the portion of the NOL that he claimed for 2003 arose in 2001.

As part of the stipulation of settled issues, respondent conceded that Mr. Coburn is entitled to portions of the disallowed deductions for 2002. Mr. Coburn conceded that he is not entitled to any additional amounts of the disallowed deductions beyond respondent's concessions. After the parties' concessions, Mr. Coburn no longer has a loss on his 2002 Schedule C. Therefore, he will not have an NOL available from 2002 to carry forward to his 2003 return.

Accordingly, respondent's determinations regarding the NOL carryforward are sustained.

III. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failing to timely file a Federal income tax return, unless it is shown that the failure was due to reasonable cause and not due to willful neglect. Respondent bears the burden of production

[*10] with respect to any penalty or addition to tax.[18] Mr. Coburn then bears the burden of proving any defenses.[19]

Respondent imposed an addition to tax under section 6651(a)(1) for each of the 2002 and 2003 taxable years. Mr. Coburn stipulated that he filed his 2002 and 2003 returns in 2008. He did not provide evidence of any defenses.

Accordingly, we find that respondent has met his burden of production and Mr. Coburn was not able to prove any defenses. As a result, the additions to tax under section 6651(a)(1) are sustained.

## IV. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due to, among other reasons, negligence, disregard of rules or regulations, or any substantial understatement of income tax. As with the section 6651(a) additions, respondent bears the burden of production as to the penalty.[20]

---

[18]See sec. 7491(c).

[19]See Higbee v. Commissioner, 116 T.C. at 447.

[20]Sec. 7491(c).

**[*11]** The penalty will not apply to any portion of the underpayment for which a taxpayer establishes that he or she had reasonable cause and acted in good faith.[21]

As defined in the Code, "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard."[22]  Negligence has been further defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"[23] Additionally, a taxpayer is negligent if he fails to maintain sufficient records to substantiate the items in question.[24]

An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000.[25]

---

[21]Sec. 6664(c)(1).

[22]Sec. 6662(c).

[23]Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299).

[24]See Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6662-3(b)(1), Income Tax Regs.

[25]Sec. 6662(d)(1)(A).

**[*12]** In accordance with this opinion, Mr. Coburn's exact underpayment for each year depends on the Rule 155 computations. If these computations establish a substantial understatement of income tax for any year, respondent has met his burden with respect to that year.[26] Respondent has also proven that Mr. Coburn acted with negligence. Mr. Coburn did not provide any evidence at trial to substantiate his deductions and conceded that, other than the NOL, he was not entitled to additional amounts of the disallowed deductions beyond respondent's concessions.

Reliance on the advice of a tax professional may establish that the taxpayer acted with reasonable cause and good faith.[27] Although Mr. Coburn employed a tax professional to prepare his returns, he did not establish that he relied on that tax professional as to claiming his unsubstantiated deductions. Indeed, it was Mr. Coburn's return preparer who relied on representations from Mr. Coburn.

Accordingly, we sustain the penalties under section 6662(a) for 2002 and 2003.

---

[26]See Olagunju v. Commissioner, T.C. Memo. 2012-119; Jarman v. Commissioner, T.C. Memo. 2010-285.

[27]Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 229 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.

**[*13]** V.  <u>Conclusion</u>

On the basis of the evidence before us, we find that Mr. Coburn is not entitled to the NOL carryforward for 2003.  Further, respondent met his burden of production with respect to the additions to tax and the penalties, and Mr. Coburn failed to meet his burden to show that the penalties should not apply.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.