# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 19-1050**

MARTHA G. SMITH AND GEORGE S. LAKNER,
APPELLANTS

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,
APPELLEE

**September Term, 2020**
FILED ON: DECEMBER 22, 2020

---

Consolidated with 19-1051, 19-1052

---

On Appeal from the United States Tax Court

---

Before: SRINIVASAN, *Chief Judge*, and HENDERSON and MILLETT, *Circuit Judges*

## <u>J U D G M E N T</u>

The court considered this appeal on the record from the United States Tax Court, and on the briefs and arguments of the parties. The court has given the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the Tax Court is **AFFIRMED**.

Between January 2012 and February 2014, the Commissioner of the Internal Revenue Service issued three separate notices of deficiency to Martha Smith and George Lakner alerting them of taxes and penalties due for tax years 2007–2011. Smith and Lakner—who were married and filed joint returns during the relevant period—timely filed petitions for review as to each notice. The cases were eventually consolidated for trial before the Tax Court. After a one-day trial on December 19, 2016, the Tax Court held that Smith and Lakner were liable for tax deficiencies and penalties for each tax year under review.

As relevant to this appeal, the tax deficiencies followed from five findings of the Tax Court. First, the Tax Court found that a settlement payment from Lakner's former employer—the Department of Veteran's Affairs (VA)—was taxable income. Second, the Tax Court found that Lakner and Smith had failed to show that certain bank deposits identified by the IRS were, in fact,

disability payments from the VA rather than taxable income.  Third, the Tax Court found that, apart from limited concessions by the Commissioner, Lakner and Smith had failed to substantiate their claimed Schedule C sole proprietorship deductions for each tax year.  Fourth, the Tax Court found that Lakner and Smith had failed to establish the propriety of their claimed Schedule E real estate loss for 2011.  Fifth and finally, the Tax Court found that Lakner and Smith had failed to substantiate claimed net operating loss carryovers for each tax year under review.

Lakner and Smith timely appealed the Tax Court's decision, presenting challenges to each finding identified above.  Each challenge concerns a Tax Court finding of fact, which we review for clear error.  *Andantech L.L.C. v. Commissioner*, 331 F.3d 972, 976 (D.C. Cir. 2003).  We find no clear error in the Tax Court's challenged determinations and thus affirm that court's judgment.

*First*, the Tax Court did not clearly err in finding that the settlement payment from the VA constituted taxable income.  For their part, Lakner and Smith claim the payment falls under 26 U.S.C. § 104(a)(2), which excludes from gross income damages received "on account of personal physical injuries or physical sickness."  The Tax Court, however, found that the VA payment addressed Lakner's longstanding EEOC complaint alleging employment discrimination and was unconnected to later-arising physical injuries he had suffered.  *See Green v. Commissioner*, 507 F.3d 857, 868 (5th Cir. 2007) ("[T]he character of the payment hinges on the payor's dominant reason for making the payment.").  The Tax Court's finding on that score is supported by the record.  At a hearing on Lakner's EEOC complaint held two days before the settlement, the administrative law judge overseeing the proceedings described them as addressing the discrimination charge, and the settlement agreement itself references only the discrimination complaint.  So understood, the payment fell outside of § 104(a)(2).

*Second*, Lakner and Smith contest the Tax Court's finding that certain bank deposits were taxable income rather than disability payments from the VA, which would be excludable under 26 U.S.C. § 104(a)(4).  But because Lakner and Smith failed to provide certain documentation requested by the IRS pertaining to the source of the deposits, the Commissioner was entitled to compute their income using the "bank deposits" method.  *See Dodge v. Commissioner*, 981 F.2d 350, 353 (8th Cir. 1992).  Under that method, the Commissioner totals the deposits into the taxpayers' bank accounts and then deducts redeposits and transfers between accounts.  The resulting amount is presumptive evidence of income, and the taxpayer bears the burden of showing that any given deposit was derived from a nontaxable source.  *See Welch v. Commissioner*, 204 F.3d 1228, 1230 (9th Cir. 2000).  As Lakner and Smith conceded at trial and again in argument before this court, they presented no evidence to rebut the income presumption as to the deposits they now seek to identify as disability payments.  Tax Ct. Hr'g Tr., Dec. 19, 2016, J.A. 294–95.  As a result, the Tax Court did not clearly err in rejecting the taxpayers' unsubstantiated contention.

*Third*, Lakner and Smith challenge the Tax Court's finding that, with limited exceptions, they failed to substantiate their claimed Schedule C deductions.  The taxpayer carries the burden of showing entitlement to a deduction.  *See INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992).  For tax years 2007 and 2009, Lakner and Smith submitted haphazard and incomplete documentation, and for the remaining years they submitted no documentation whatsoever.  And

2

the record belies Lakner and Smith's contention that the Tax Court failed to afford them ample opportunity to submit further substantiating evidence. Thus, the Tax Court did not clearly err in finding that Lakner and Smith failed to meet their burden.

The Tax Court also did not err in declining to estimate Lakner and Smith's expenses for 2008, 2010, or 2011, under *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930) (holding that the Tax Court should, in certain circumstances, "make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making"). As our court has explained, "the *Cohan* rule is inapposite when 'there are no reliable figures from which to calculate or extrapolate a reasonable estimate' of the taxpayers' entitlements." *Green Gas Del. Statutory Tr. v. Commissioner*, 903 F.3d 138, 144 (D.C. Cir. 2018) (quoting *Plisco v. United States*, 306 F.2d 784, 787 (D.C. Cir. 1962)). Given the dearth of documentation, the Tax Court did not clearly err in finding that no such reliable figures existed here.

*Fourth*, Lakner and Smith dispute the Tax Court's finding that they were not entitled to their claimed Schedule E real estate loss of $25,000 in tax year 2011. Smith and Lakner owned and operated as many as six rental properties at the relevant time. Given their taxable income in 2011, however, Lakner and Smith could claim the Schedule E loss only if, among other things, one of them performed "more than 750 hours of services during the taxable year" on the relevant real estate activity. 26 U.S.C. § 469(c)(7)(B)(ii). Lakner estimated that he performed over 1,000 hours of work on the rental properties but he did not substantiate that claim with documentation or a more granular description of how he spent his time. Tax Ct. Hr'g Tr., Dec. 19, 2016, J.A. 269–71, 313–14. The Tax Court reasonably declined to credit Lakner's inadequately substantiated testimony, and the court thus did not clearly err in finding that Lakner and Smith were unentitled to claim the Schedule E loss.

*Fifth*, Lakner and Smith challenge the Tax Court's finding that they failed to substantiate their claimed net operating loss (NOL) carryover deductions in each tax year at issue. Taxpayers bear the burden of establishing their entitlement to deduct NOLs from prior years. *See INDOPCO*, 503 U.S. at 84. In the first tax year in question, 2007, Lakner and Smith claimed $85,258 in NOLs carried over from 2004–2006. To substantiate that number, Lakner and Smith submitted only their tax returns from those years. But the Tax Court, in line with that court's precedent, found that claiming a loss does not substantiate it. *See Coburn v. Commissioner*, 107 T.C.M. (RIA) 1551, 1558 (2014) ("[A] taxpayer's return is merely a statement of the taxpayer's position and cannot be used to substantiate a deduction."). Further, the escalating NOL carryovers claimed by Lakner and Smith in each subsequent tax year (reaching $250,773 in 2011) stemmed from Schedule C expenses claimed in tax years 2007–2010. As discussed above, the Tax Court reasonably found that Lakner and Smith failed to substantiate those expenses. As a result, the Tax Court did not clearly err in determining that Lakner and Smith had not substantiated their claimed NOL carryover deductions.

3

Pursuant to D.C. Cir. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4